**Dorothy M. GRAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14359.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 15, 1958.

Decided Oct. 3, 1958.

Petition for Rehearing Denied Oct. 27, 1958.

**484**

Mr. Carl W. Berueffy, Washington, D. C. (appointed by this Court) for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

■ The appellant was indicted with another for violations of the narcotic laws.[1] She was tried alone on two counts of a five-count indictment, three of the counts having been dismissed on motion of the United States. She ap-

peals her conviction on the ground, among others, that the court erroneously instructed the jury that the law provides that a person aiding and abetting a principal offender may be charged as a principal. The objection the defense made to the instruction was that it was not justified by the facts in that the alleged principal—the co-indictee—had been held to be not guilty and the case against him had been dismissed. This objection was not sound. As said in Meredith v. United States, 4 Cir., 1956, 238 F.2d 535, 542,

> "conviction of the principal actor is not a prerequisite to conviction of the aider and abettor. It need only be established that the act constituting the offense was in fact committed by someone. * * *"

Accord, Colosacco v. United States, 10 Cir., 1952, 196 F.2d 165, 167.

■ Since the evidence against appellant was quite strong we have no occasion in this case to exercise our discretion to consider other possible defects in the instructions not called to the attention of the trial court. Indeed, under all the circumstances, it seems probable that a more explicit and complete instruction on aiding and abetting would have harmed rather than helped accused's case, and that the failure by trial counsel to ask for, or by the trial court to give, such an instruction was not in any way prejudicial to the accused.

We have carefully considered all the appellant's contentions, ably presented by counsel appointed by this court. Finding no reversible error in respect of the instruction, or in any other respect, the judgment is

Affirmed.

---

1. 68A Stat. 550 (1954), as amended, 26 U.S.C. § 4704(a) (Supp. V, 1958); 35 Stat. 614 (1909), as amended, 21 U.S.C. § 174 (Supp. V, 1958), 21 U.S.C.A. § 174.