**Harold S. CROSS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19124.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1965.

Decided Nov. 29, 1965.

See also 118 U.S.App.D.C. 324, 335
F.2d 987.

Mr. Donald J. Capuano, Washington,
D. C. (appointed by this court) for appellant.

Mr. Jerome Nelson, Asst. U. S. Atty.,
at the time of argument, with whom Mr.
David C. Acheson, U. S. Atty. at the
time the brief was filed, Messrs. Frank
Q. Nebeker and William H. Collins, Jr.,
Asst. U. S. Attys., were on the brief, for
appellee.

Mr. John C. Conliff, Jr., U. S. Atty.
at time of argument, and Mr. John R.
Kramer, Asst. U. S. Atty., at the time
the record was filed, also entered appearances for appellee.

Before EDGERTON, Senior Circuit Judge,
and FAHY and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

This appeal was heard at the same
time as those of two other persons tried
and convicted, together with appellant,
of housebreaking and assault with a dangerous weapon. We have heretofore affirmed the other two convictions,[1] and
we see no greater need here than there to
discuss in detail certain contentions common to all three. At the argument of
these appeals before us, the Government,
by an oral motion at the outset, proposed a different disposition of this ap-

1. William G. Paire v. United States, No.
19120, order entered October 21, 1965;
Timothy L. Paire v. United States, No.
19123, order entered October 21, 1965.

peal; and we accede to that suggestion. In particular, the proposal was to remand this case to the District Court for reconsideration by it of the representations made to it at the trial by counsel as to appellant's mental condition which, so it is now argued to us, should have impelled the court, solely upon its own initiative, to have directed that the defense of insanity be interposed on appellant's behalf.

The circumstances giving rise to the Government's motion are as follows: Defense counsel had informed the court that, although the circumstances indicated that an insanity defense might be appropriate, appellant had forbidden him to raise it. In explanation, counsel related to the court certain circumstances which he regarded as suggesting a condition of mental irresponsibility. The court, at both the beginning and the ending of this recital, indicated in so many words that it did not believe itself possessed, under the applicable cases, of any discretion to inject the insanity issue into the trial over appellant's objections; and we must assume, therefore, that the representations made to the court were not considered on their merits.

The Government's oral motion recognizes that, whatever confusion may have obtained before with respect to the matter, see Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962), our opinion in Whalem v. United States, 120 U.S.App.D.C. 331, 346 F.2d 812 (1965), makes it clear that a trial judge does have the discretion which the District Court here thought it lacked. That opinion, of course, came after the trial under review here. We think it appropriate, therefore, for the Government to propose, and for us to order, a remand in order that the trial court may re-examine, in the consciousness of a discretionary power to act as it sees fit, the representations made to it at the trial by appellant's counsel as to the insanity defense. If it should conclude that that power should have been exercised in favor of a *sua sponte* introduction by it of the insanity defense, then a new trial will follow. If it decides otherwise, the conviction will stand.

At the hearing before us, appellant's counsel opposed the grant of the Government's motion in these terms. He contended that only a reversal for a new trial would comport adequately with Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). But *Dusky* dealt with what seems to us to have been the different problem of determining *now* whether there was mental competence to stand trial *earlier*, with all the uncertainties inherent in saying that, because a man first examined today is found competent, he may be deemed to have been so a year ago when he was tried. The Supreme Court there concluded that "the resulting difficulties of retrospectively determining * * * competency as of more than a year ago * * *" required a presently operative, and not a *nunc pro tunc*, determination, with a new trial to follow.

Although courts on occasion employ it, no *nunc pro tunc* procedure is ever fully satisfactory. There is always the danger that intervening events will provide a coloration which may, albeit subconsciously, be reflected in the determination. Here at least, and unlike *Dusky*, the new circumstances,[2] although capable perhaps of influencing the decision in the sense of creating new conditions against the background of which it must be made, do not partake directly of the issue to be decided. Certain facts were represented to the District Court's attention at the time of trial as bearing upon appellant's mental responsibility. The issue now is

---

**2.** These seem to us to consist largely, if not exclusively, of the fact that appellant has been convicted; that all of his other claims of error on appeal have been disallowed; and that the only thing which can necessitate a new trial is the trial judge's decision on this remand that he should have injected the insanity issue into the first trial. These are facts of a wholly different order of immediacy and relevance to the precise issue to be decided than was true of the possible change in mental condition involved in *Dusky*.

what the District Court would have done had it considered those representations on their merits. The facts represented are fixed in the transcript—immune to alteration by the mere passage of time. Though our remand does not entirely avoid the retrospective difficulty, since it is difficult if not impossible to know what one would have done a year or two ago if circumstances had been different, it seems to us the best solution available in all the circumstances of this case, and one which is not unduly prejudicial to appellant.

■ Independently of the insanity question, appellant has urged two other errors, one having to do with the conduct of the trial and the other with the sentence. The first claim in essence is that, because an aider or abettor instruction was given, appellant could have been convicted as such on the count of assault with a dangerous weapon even though the only person expressly identified in testimony at the trial as having been seen in the act of committing the assault was acquitted.[3] However, in Gray v. United States, 104 U.S.App.D.C. 153, 260 F.2d 483 (1958), we held that one of two persons named in the indictment as principals could be convicted as an aider and abettor, notwithstanding that the other named principal had been acquitted. This court, quoting language from the Fourth Circuit, said that "conviction of the principal actor is not a prerequisite to the conviction of the aider and abettor. It need only be established that the act constituting the offense was in fact committed by

someone." There was testimony in this case from which the jury was entitled to conclude that the assault was committed by someone. It apparently did not think he was the particular person identified by the policeman, but it could have thought that he was some one of the other three defendants, with the two others assisting him. Gray clearly seems to provide the jury with this latitude.

■ Appellant's other claim relates to his sentence. He was given five to fifteen years on the housebreaking count, and forty months to ten years on the assault count, the sentences to run consecutively. Noting that the sentences given to the Paires ran concurrently, appellant points to this differentiation as demonstrating the unduly harsh character of his sentence. The sentences were, however, within the legal limits fixed by Congress for the offenses in question; and the determination as to whether they shall be served consecutively or concurrently is committed to the discretion of the trial judge. In pressing upon us the undue severity of his sentence, appellant also remonstrates against the District Court's having made an allusion to evidence of certain conduct of appellant, assertedly involving witness-intimidation, which had come to its attention while trying an associate of appellant in another robbery.[4] Appellant now argues that he had no chance to rebut this evidence, but an examination of the record shows that neither appellant nor his counsel challenged in any way the court's reference to this other circumstance. We

---

3. The two Paires, appellant, and one Logan were named in the assault count in the indictment. The assault itself consisted of forcing a young woman at pistol point to serve as a cover for the escape of those participating in a housebreaking. The girl could not say which of the defendants was the one who used her as a shield, although she was positive that someone did. A police officer watching from outside testified that he saw the incident, and the man seizing the girl was Logan. Logan was acquitted.

4. Appellant and this associate were first tried together for the robbery in ques-

tion; and the resulting conviction was reversed by this court, with directions that they be retried separately. Cross v. United States, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964). It was the retrial of the associate which the court referred to in the comments before the sentencing in issue here. That retrial resulted in a conviction which has been affirmed by us, Jackson v. United States, No. 18,953, order entered November 4, 1965, as has also the retrial of appellant, Cross v. United States, 122 U.S. App.D.C. ——, 353 F.2d 454, decided November 2, 1965.

are not disposed to attribute to the incident the significance claimed for it by appellant, especially in view of the fact that sentencing judges do, and are entitled to, take into account a wide range of facts and impressions gleaned from a variety of sources.

The case is remanded for further proceedings not inconsistent herewith.