Bergan, J.
(concurring in part). There should, of course, as Judge Keatistg has written, at least be a hearing on the question of defendant’s mental capacity at the time of trial. We are of opinion, additionally, that there should be a new trial at which the question of defendant’s sanity at the time of the crime be determined.
A formal plea of not guilty on the ground of insanity was not interposed, but in the absence of a valid determination under sections 871-876 of the Code of Criminal Procedure that the defendant is competent to conduct his own defense the Trial Judge’s obligation in management of the trial was not measured precisely by the absence of that specification in the plea. Both the psychiatric reports and the actions of the defendant were so suggestive of insanity as to require the Judge to submit to the jury the question of his criminal responsibility for the offense. This course was especially indicated where, in the psychiatric examination immediately following the crime, it was reported to the court there was a ‘ serious impairment in his thinking” and hospitalization was “strongly recommended ”.
*296 This early psychiatric analysis, together with the psychiatric report made directly to the Trial Judge; the bizarre and senseless nature of the crime; the obsessive preoccupation of defendant throughout the trial with his right to custody of the child, and his aberrant conduct in the trial, taken together, would require the Judge to submit the question of insanity to the jury. (See Whalem v. United States, 346 F. 2d 812, 818, 819, cert. den. 382 U. S. 862; Cross v. United States, 354 F. 2d 512, 513.)
' Beyond this, the Judge ought to have granted a new trial where, prior to sentence, defendant expressly raised the issue of his mental capacity and lack of criminal responsibility (Code Crim. Pro., § 336).
A new trial should be ordered.