**UNITED STATES of America**

v.

**George GRAY, Jr., Appellant.**

**No. 72–1776.**

United States Court of Appeals, District of Columbia Circuit.

March 30, 1973.

Harry E. Middleton, Jr., Falls Church, Va. (appointed by this Court), was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Roger M. Adelman and Frederick C. Moss, Asst. U. S. Attys., were on the brief for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and WILLIAM JAMESON,* United States Senior District Judge for the District of Montana.

PER CURIAM:

On this appeal from a conviction of forceable rape and burglary, the only issue is whether the testimony of the prosecutrix was sufficiently corroborated.

■ Appellant urges that corroboration of the *corpus delicti* requires independent evidence tending to establish each and every material element of the offense. Specifically, he contends that because the Government's proof as to penetration rested wholly on the complainant's testimony, his conviction must be reversed. Although there are statements in Allison v. United States, 133 U.S.App.D.C. 159, 409 F.2d 445 (1969) and United States v. Bryant, 137 U.S. App.D.C. 124, 420 F.2d 1327 (1969) that support appellant's position, our more recent decisions make it clear that *Allison* and *Bryant* no longer reflect the controlling law. United States v. Terry, 137 U.S.App.D.C. 267, 422 F.2d 704 (1970); United States v. Huff, 143 U.S. App.D.C. 163, 165–166, 442 F.2d 885, 887–888 (1971); United States v. Jones, 155 U.S.App.D.C. ——, 477 F.2d 1213 (1973). Simply put, the principle emerging from these cases is that the independent corroborative evidence will be regarded as sufficient when it would permit the jury to conclude beyond a reasonable doubt that the victim's account of the crime was not a fabrication. This rule is a flexible one, and the particular quantum of proof required will necessarily vary from case to case depending upon, for example, the age and impressionability of the prosecutrix and the presence or absence of any apparent motive to falsify or exaggerate. Such flexibility is responsive to the underlying rationale of the corroboration requirement—the avoidance of baseless accusations—and it is far more consonant with the realities of the trial situation than a rule which would compel the Government to prove virtually its entire case twice: once by the victim's testimony and again by independent evidence.

■ Applying this standard to the facts of the present case, we find the corroborative evidence more than adequate to take the case to the jury. The

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

prosecutrix was a mature woman, 66 years of age, who had no prior affiliation with the 19-year-old appellant. Less than 15 minutes before the assault, a neighbor had observed her gardening in her front yard, in good health and cheerful spirits. Another neighbor testified that, at the relevant period, he heard a woman scream but was unable to identify the source of the commotion. The complainant telephoned the police as soon as the attacker left her house. Upon their arrival, they found the prosecutrix in tears. Her body was bruised and bleeding, and subsequent medical examination disclosed that one of her ribs had been broken. Her dress was in tatters, and laboratory examination showed the presence of semen on both her dress and underclothing. A towel was found on the kitchen floor, and the police discovered a broken water glass outside the house.

All of this evidence dovetailed perfectly with the victim's testimony that the appellant had confronted her outside her home and asked for a drink of water, which she gave him. He had then dragged her into the kitchen and raped her, using a towel to stifle her screams.

Although gynecological examination of the prosecutrix was inconclusive,[1] she testified unequivocally that her attacker had achieved penetration. We believe that the corroborative evidence as to the entire episode was sufficient to permit the jury to rely upon her testimony as to this element of the offense.

■ ■ Corroboration is also required as to identification of the assailant;

but our cases have traditionally recognized that, as to this element, a lesser standard of proof is required. And where there is a convincing identification, one that minimizes the danger of mistake or falsification, no further corroboration is required. Thomas v. United States, 128 U.S.App.D.C. 233, 387 F. 2d 191 (1967); United States v. Hines, 148 U.S.App.D.C. 441, 460 F.2d 949 (1972). Here, the victim identified appellant to the police by name. She accurately recalled that he had lived in the neighborhood several years earlier and remembered approximately when the family moved. She correctly stated the appellant's age and the color of the jacket he was admittedly wearing on the day in question.[2] The initial confrontation took place out of doors at about 12:45 in the afternoon; and she and her attacker were together for approximately 30 minutes, affording an excellent opportunity to observe. Moreover, she testified that, some two weeks prior to the assault, the appellant had approached her while she was working in her yard (circumstances identical to those immediately preceding the attack) and chatted with her for several minutes. Her subsequent identification of the appellant's polaroid photograph from a group of twenty shown to her by the police is not challenged.

We find the corroborative evidence, both as to *corpus delicti* and identification, entirely adequate. Accordingly appellant's conviction must be and is

Affirmed.

---

1. The doctor who examined the complainant at D.C. General Hospital testified that no intact sperm were found in her vagina. The doctor stated that she was unable to determine whether the prosecutrix had recently engaged in sexual relations or had been the victim of forced intercourse and explained that it would be more unlikely to find evidence of vaginal damage as a result of forced intercourse in the case of a 66-year-old mother of four, married for 49 years, than in the case of a young girl.

2. The victim also gave a detailed description of the height, weight, build and complexion of her assailant to the investigating officers. But the record contains no physical description of the appellant himself, making comparison impossible. Obviously, however, such a comparsion could be made by the jury.