Patrick **SHANAHAN**, a/k/a Allen Russell Bailey, a/k/a Russell Allen Bailey, **Appellant**,

v.

**UNITED STATES, Appellee.**

James D. **VITTITOE, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 7182, 7198.

District of Columbia Court of Appeals.

Argued May 6, 1975.

Decided March 25, 1976.

Rehearing and Rehearing en Banc Denied June 28, 1976.

William Gray Schaffer, Washington, D. C., with whom Joel Klein, Chevy Chase, was on the brief, for appellant Shanahan.

Jerome Ackerman, Washington, D. C., appointed by this court, for appellant Vittitoe.

Regina C. McGranery, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, John R. Dugan and Albert H. Turkus, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

■ These appeals are from judgments of the Superior Court after a jury trial finding appellant Shanahan guilty of felony murder (D.C.Code 1973, § 22–2401), robbery (D.C.Code 1973, § 22–2901), second-degree burglary (D.C.Code 1973, § 22–1801(b)), and petit larceny (D.C.Code 1973, § 22–2202); and appellant Vittitoe guilty of felony murder (D.C.Code 1973, § 22–2401), robbery (D.C.Code 1973, § 22–2901), and acting as an accessory after the fact to both second-degree burglary and petit larceny[1] (D.C.Code 1973, § 22–106). These convictions arose out of an encounter that had homosexual overtones which turned to extreme violence resulting in the death of a man. Each party raises numerous issues, all of which we reject. We affirm the convictions.

## I

Appellant Shanahan met a visiting business executive in a bar. Shanahan and a friend, Ralph Stokes,[2] had been drinking heavily, and, when the bar closed, they suggested to the businessman that he purchase some beer and accompany them to appellant Vittitoe's apartment, which he did. At the apartment, and while Vittitoe was present, Shanahan made a sexual proposition to the businessman. When he refused, Shanahan and Stokes pummeled him with their fists and feet. Shanahan demanded money, removed $25 and the hotel room key from the pockets of the victim, then went to the hotel room and took some of the victim's property. He returned to the Vittitoe apartment, demanded more money from the businessman, then tortured and beat him to death after the man had explained that he had no more money. Vittitoe, who was present from the beginning, assisted Shanahan and Stokes by "watching" the victim while Shanahan went to the victim's hotel room. Vittitoe supplied instruments of torture to Shanahan, and assisted the other two in disposing of the body the following day by dumping it into the Rappahannock River in Virginia.

## II

■ Shanahan raises for the first time on appeal an instructional issue grounded on the assumption that in order to convict him of felony murder under D.C.Code 1973, § 22–2401, the government must affirmatively prove that he was of "sound memory and discretion"[3] both at the time of the underlying felony and at the time of the killing. He is in error.

■ Felony murder is a special crime of peculiar magnitude deemed to warrant proof by unique fashion. Malice, an essential element of murder, is implied from the intentional commission of the underlying felony even though the actual killing might be accidental. *Goodall v. United States,* 86

---

1. The trial court order of March 21, 1973, noted an error in sentencing Vittitoe to 1 year as an accessory after the fact to petit larceny. The maximum allowable sentence for this crime is six months. D.C.Code 1973, § 22–106. Since an appeal was pending, the trial court recognized that it was then unable to correct the error. *See King v. United States,* D.C.App., 271 A.2d 556, 558–59 (1970). We remand to the trial court for resentencing on this count.

2. On November 21, 1972, Ralph Stokes pleaded guilty to second-degree murder of the businessman.

3. D.C.Code 1973, § 22–2401 provides in pertinent part:
    Whoever, being of sound memory and discretion, kills another . . . .

U.S.App.D.C. 148, 150–51, 180 F.2d 397, 399–400 (1950). *See also United States v. Branic,* 162 U.S.App.D.C. 10, 12–13, 495 F.2d 1066, 1068–69 (1974).

█ As Judge Gasch, sitting by designation, said for the United States Court of Appeals for the District of Columbia Circuit:

> It is well settled that no allegation of sanity is required in an indictment, nor does the language of Section 2401 of Title 22 of the D.C.Code require that the indictment include the allegation that the defendant was of sound memory and discretion. See *Jones v. United States,* 111 U.S.App.D.C. 276, 296 F.2d 398, cert. denied, 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed.2d 406 (1962). See also *Coleman v. United States,* 111 U.S.App.D.C. 210, 295 F.2d 555, cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 613, rehearing denied, 369 U.S. 842, 82 S.Ct. 870, 7 L.Ed.2d 847 (1962). In *Coleman,* the defendant was convicted of first degree felony murder. Counsel attacked the indictment for the reason that it did not contain the statutory allegation that the defendant was of sound memory and discretion. He recognized that such a contention had been specifically rejected by this Court in the *Hill (Hill v. United States)* case, 22 App.D.C. 395, 400–402. [Footnotes omitted.]

In *United States v. Green,* 150 U.S.App.D.C. 222, 463 F.2d 1313 (1972), in footnote 5, we affirmed what we held in *Hill* and *Coleman, supra.* [*United States v. Greene,* 160 U.S.App.D.C. 21, 27–28, 489 F.2d 1145, 1151–52 (1973).][4]

This is an accurate statement of the law and we continue to adhere to it.

█ Shanahan contends that D.C.Code 1973, § 24–301(j) violates due process be-

cause it requires a defendant to prove his defense of insanity by a preponderance of the evidence. He again is in error. The Supreme Court in *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), held that a statute requiring a defendant to prove his insanity beyond a reasonable doubt satisfied the requirements of due process. *See also Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, 518 n. 21, 522 (Rehnquist, J. & Burger, C. J., concurring) (1975) (decided after the instant appeal was argued); *James v. United States,* D.C.App., 350 A.2d 748 (1976); and *United States v. Greene, supra,* 160 U.S.App.D.C. at 28, 489 F.2d at 1152. Section 24–301(j) is constitutional as to its allocation of burden of proof. *But see Commonwealth v. Vogel,* 440 Pa. 1, 268 A.2d 89 (1970).

█ Shanahan also contends that the trial court committed plain error by instructing the jury under the *Brawner* (*United States v. Brawner,* 153 U.S.App. D.C. 1, 471 F.2d 969 (1972)) test of insanity rather than the *Durham* (*Durham v. United States,* 94 U.S.App.D.C. 228, 214 F.2d 826 (1954)) test. We note first that Shanahan's trial counsel specifically requested the *Brawner* instruction, which was given over the objection of the government. Since this issue is now raised in the context of having invited the instruction of which he complains, we decline to treat it further. No plain error affecting substantial rights appears.

█ Shanahan further contends that the trial court abused its discretion by denying his request for different juries to try the merits and insanity defense. We disagree. A request for a new jury at the insanity phase of a bifurcated trial is addressed to the discretion of the trial judge,[5] and appellant must have proffered

---

4. "The essential elements of the charge of felony murder do not include proof of sanity." *United States v. Greene, supra,* 160 U.S.App. D.C. at 31, 489 F.2d at 1155.

5. *Parman v. United States,* 130 U.S.App. D.C. 188, 192, 399 F.2d 559, 563, *cert. denied,* 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126 (1968).

a "substantial claim" in the trial court before we can find an abuse of discretion.[6] The record before us shows that Shanahan's attorney first made a motion for separate juries prior to trial without stating any reason to justify it. He renewed his motion at trial speculating that the voir dire examination on an insanity defense might have an effect on the jury. We cannot conclude that denial of a second jury on the insanity phase of the trial was an abuse of discretion. Appellant makes further arguments that were not raised in the trial court and that we reject because he does not demonstrate "serious and substantial prejudice."[7] *Parman v. United States,* 130 U.S.App.D.C. 188, 191–92, 399 F.2d 559, 561–62, *cert. denied,* 393 U.S. 858, 89 S.Ct. 109, 21 L.Ed.2d 126 (1968).

■ We also reject Shanahan's last argument relating to the trial court's exclusion of the testimony of a lay witness on the issue of insanity. Shanahan wanted to produce a woman whom he had raped at a subsequent time to show that thereafter he apologized to her. The apology was supposed to rebut government expert testimony on Shanahan's lack of remorse. There was no abuse of discretion in rejecting this irrelevant rebuttal testimony.[8] *See United States v. Fench,* 152 U.S.App.D.C. 325, 330, 470 F.2d 1234, 1239 (1972).

## III

■ Vittitoe contends that the trial judge erred while instructing on aiding and abetting with respect to the charge of robbery in that the jury was told, according to his reading of the instruction, that he could be convicted of robbery without intending to rob. We do not read this instruction as saying what Vittitoe interprets it to say. The court's instruction on the culpability of an aider and abettor under D.C.Code 1973, § 22–105, followed the criteria we set forth in *Creek v. United States,* D.C.App., 324 A.2d 688, 689 (1974), *quoting from United States v. Peoni,* 100 F.2d 401, 402 (2d Cir. 1938):

> Aiding and abetting is established if the accused " . . . in some sort associated himself with the venture . . . participated in it as in something that he wished to bring about, [and] . . . [sought] by his action to make it succeed."

The facts of this case reveal Vittitoe's presence and assistance to Shanahan during two grisly beating and torture episodes resulting in the death of the victim and the concealment of his body. The instruction on this point was that a person is an aider and abettor by association in the crime when "with the intent to commit the crime, [he] participates in it as something he wishes to bring about, and seeks by some action of his to make it succeed." The trial court went on to charge that Vittitoe "need not have had the identical intent of the principal, Mr. Shanahan, . . . at the same time and place. If he aids and abets [as just defined] he is deemed to have had the requisite intent." We are unable to conclude that a reading of the instruction in its entirety (rather than in segments) reveals error warranting reversal. *Suggs v. United States,* 132 U.S.App. D.C. 337, 341–42, 407 F.2d 1272, 1276–77 (1969).

The record reveals that the court granted the request of Vittitoe's attorney for a duress instruction as a defense to all the charges against him, and not just to the

---

6. *Higgins v. United States,* 130 U.S.App. D.C. 331, 333, 401 F.2d 396, 398 (1968).

7. Shanahan contends that he was prejudiced by extensive testimony linking him to homosexuality, alcohol, and drugs, and that this would not have reached a second jury. This testimony was, however, a substantial predicate in support of his insanity defense. We cannot conclude that reversal is warranted for these belated reasons.

8. We also note that in any event Shanahan was permitted to explore with a government psychiatrist the significance of such an event on his mental state.

accessory after the fact to the burglary charge. His contention on this point is thus in error.

 Vittitoe argues that the evidence was insufficient to support his conviction of aiding and abetting robbery and felony murder. We disagree. Using accepted standards for evidentiary sufficiency, we find that the evidence, as set forth above, supported the verdict as to Vittitoe.

 Vittitoe also contends that the court erred in denying his request that the jury defer rendering a verdict as to him until after the resolution of the insanity phase of Shanahan's bifurcated trial. Vittitoe's counsel asked that the jury have before it not only his own testimony as to beatings of him by Shanahan to support his duress defense, but also diagnostic expert testimony as to Shanahan's mental condition. The trial court ruled that this mental condition, being unknown to Vittitoe, lacked sufficient probativeness to warrant delay in the jury's consideration of Vittitoe's guilt. We agree with the trial court that Vittitoe's feelings of coercion could not have been based upon Shanahan's psychiatric diagnosis, of which he had no knowledge at the time. Accordingly, we find no abuse of discretion on this ruling as to probativeness of evidence and division of jury deliberation on this question of Vittitoe's guilt.

 Vittitoe lastly contends that if this court grants Shanahan a new trial on the insanity issue and he is acquitted for that reason, then Vittitoe's conviction for aiding and abetting must be reversed. The short answer is that the contingency has not come to pass. In any event, the issue is not whether Shanahan's guilt had been established, but whether "the act constituting the offense was in fact committed by someone." *Gray v. United States,* 104 U.S.App.D.C. 153, 154, 260 F.2d 483, 484 (1958). Since the killing was committed

by Shanahan in furtherance of a robbery, Vittitoe's conviction of aiding and abetting felony murder must be sustained regardless of Shanahan's mental capacity.[9] An aider and abettor does not vicariously take on the mental state of insanity of the other. It is the former's own state of mind that determines his criminal responsibility.

Accordingly, the judgment of conviction as to Shanahan is affirmed. The judgment of conviction as to Vittitoe is affirmed, the sentence under the petit larceny count is vacated, and the case (No. 7198) is remanded for resentencing under that count (*see* note 1, *supra*).

*So ordered.*

---

9. *See Cross v. United States,* 122 U.S.App.D.C. 380, 382, 354 F.2d 512, 514 (1965),

*aff'd after remand,* 128 U.S.App.D.C. 416, 389 F.2d 957 (1968).