**Robert Douglas DAVIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 10226, 10811.**

District of Columbia Court of Appeals.

Argued Jan. 6, 1977.

Decided March 1, 1977.

---

Joseph A. Artabane and Adrian C. May, Jr., Washington, D. C., appointed by this court, for appellant.

Thomas J. Tourish, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Lawrence H. Wechsler, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and HARRIS, Associate Judges.

PER CURIAM:

After a jury trial appellant was convicted of rape in violation of D.C.Code 1973, § 22–2801. Appellant first contends that it was error for the trial court to refuse to direct a verdict in his favor. He argues

that there was insufficient corroborative evidence to support the conviction.[1]

The victim, who was twenty-five years old, testified that she had been forced into appellant's apartment and raped. Approximately 10 hours later she was able to escape through one of the two windows in the apartment.

■ Appellant argues that under the old corroboration rule every element of the corpus delicti must be corroborated. This was not, however, the law in this jurisdiction. The amount of corroboration necessary depended upon the circumstances of each case, *In re J.W.Y.*, D.C.App., 363 A.2d 674, 677 (1976), and all that was required was direct or circumstantial evidence that " 'would permit the jury to conclude beyond a reasonable doubt that the victim's account of the crime was not a fabrication.' " *Moore v. United States*, D.C.App., 306 A.2d 278, 280 (1973), *quoting United States v. Gray*, 155 U.S.App.D.C. 275, 276, 477 F.2d 444, 445 (1973).

■ There was adequate corroboration to support the conviction in this case. The victim was able to identify the house and apartment in which she had been raped. She testified that while escaping from the apartment she had been forced to remove her shoes and throw them to the ground. The morning after the rape a police detective found these shoes directly beneath the window from which she had said she escaped. Additionally, the victim's slacks were torn and there was a contusion on her right thigh. Her boyfriend testified that when she arrived at his house shortly after her escape the victim was messy and looked as though she were in a state of shock.

The medical testimony at trial was that intact sperm had been found in a swab taken from the victim's cervix the afternoon after the rape. Although the doctor who examined the victim could not conclusively determine whether there had been penetration, the doctor testified, in answer to a hypothetical question, that the presence of intact sperm "probably" means that the person examined had had intercourse. Both the victim and her boyfriend testified that they had not had intercourse that week. Finally there is no substantial issue of misidentification as appellant acknowledged that he had been with the victim earlier in the evening.[2]

Next, appellant alleges error in the trial court's refusal to allow the defense to impeach its own witness. The witness, who at the time of the rape was the victim's boyfriend, had been called as a witness by the prosecution. At that time the defendant elected to cross-examine him briefly but did not ask any questions relating to the facts about which he later sought to impeach him. When the defendant then called him as his witness, and, claiming surprise, attempted to impeach him, the trial judge would not permit the examination to continue.

■ The rule in the District of Columbia, unlike the recently adopted federal rule of evidence which appellant urges us to apply,[3] is that in general a person cannot impeach his own witness unless a good faith claim of surprise is made. Appellate review of a trial court's finding of surprise is normally limited to a determination of whether there was a rational basis for the ruling. *See Wheeler v. United States*, 93 U.S.App. D.C. 159, 211 F.2d 19 (1953), *cert. denied*, 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140

1. It is conceded that the corroboration rule applies in this case. Although the requirement of corroboration of rape has recently been abolished in the District of Columbia, *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc), at the time of appellant's trial the requirement was still in force.

2. Especially in this area of the law each case must be decided on its own facts. We note

that at least one case in this jurisdiction has upheld a conviction of a sexual offense when the corroborative evidence was perhaps somewhat less probative, as a matter of degree, than the evidence in this case. *See Moore v. United States, supra.*

3. Fed.R.Evid. 607.

(1954).[4] The significant factor here, however, is that the subject matter on which the witness was to be impeached had already been brought out in direct examination and appellant had declined to cross-examine on that point at that time. *See Wilson v. United States,* D.C.App., 261 A.2d 513 (1970). Instead, appellant chose to forego that permissible line of cross-examination and later call the victim's boyfriend as his own witness and retrace the same ground, an unusual and rather questionable procedure.

We conclude that the trial court did not abuse its discretion in not permitting appellant to pursue this tactic. Furthermore, the exclusion of the testimony does not rise to the level of prejudicial error.

 Finally, appellant argues that the trial court abused its discretion in failing to grant a new trial based on newly discovered evidence. The "newly discovered evidence" is an expert analysis concerning the authorship of a note which appellant alleges was written by the victim.[5] It is not the note itself which appellant seeks to establish as newly discovered evidence as the note was introduced at trial. It is the *analysis* which he claims to be newly discovered.[6] It appears that appellant's trial counsel never sought to have a handwriting analysis made of the note and that it was not until new counsel was appointed on appeal that an expert's opinion was sought.

 It is precisely because this analysis was not sought by counsel before, or even during, trial that we find that such evidence is not newly discovered. In order to be granted a new trial based upon newly discovered evidence, a defendant must show, *inter alia,* "diligence in the attempt to procure the newly discovered evidence." *Heard v. United States,* D.C.App., 245 A.2d 125, 126 (1968). A defendant may not procure a new trial simply because his trial attorney did not investigate a potential avenue of defense. The showing required for a new trial is not present here. *Heard v. United States, supra.*

 Finally, appellant argues that the lack of diligence on the part of trial counsel is an alternative ground for granting a new trial on the basis of newly discovered evidence. In the circumstances of this case, this would not rise to the level of ineffective assistance of counsel. *Johnson v. United States,* D.C.App., 364 A.2d 1198 (1976).[7]

*Affirmed.*

4. Although the holding in *Wheeler* was based on D.C.Code 1973, § 14–102 (impeachment of one's own witness when the witness has given a prior inconsistent statement *to the party or to his attorney*) the reasoning is the same and should be applied in this case.

5. The note, written on the back of a cigarette paper package, contained the words "I have gone to the corner to make a call—be right back." Appellant argues this note indicates that the complainant was in the apartment voluntarily.

6. It should be noted that the analysis which appellant relies upon in seeking a new trial does not establish that the victim wrote the note. The expert ascertained that the note was not written by appellant. In comparing the

note to the victim's signature he found only that there were a number of similar characteristics of a *"potentially* highly significant nature." (Emphasis added.) The handwriting expert simply recommended obtaining more samples of the victim's handwriting so that further comparisons could be made.

7. The local rule is that "[i]n order to prevail on [a] claim of ineffective assistance of counsel, appellant must show that his counsel was so ineffective that he was deprived of a substantial defense." *Johnson, supra* at 1203. In the instant case appellant was not deprived of the defense. The note had been introduced at trial to corroborate defendant's story, and appellant testified that he thought the victim had written it.