Lawrence STEWART, Appellant,

v.

UNITED STATES, Appellee.

No. 10875.

District of Columbia Court of Appeals.

Argued Nov. 15, 1977.

Decided Feb. 13, 1978.

Robert Case Liotta, Washington, D. C., appointed by the court, for appellant.

Robert I. Richter, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Mark H. Tuohey, III, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY, Associate Judge and PAIR, Associate Judge, Retired.

KELLY, Associate Judge:

Appellant was charged in a three-count indictment with second-degree murder while armed (D.C.Code 1973, §§ 22–2403 –3202), second-degree murder (D.C.Code 1973, § 22–2403),[1] and carrying a pistol without a license (D.C.Code 1973, § 22–3204), and was convicted of involuntary manslaughter and carrying a pistol without a license. He questions on appeal whether the trial court erred either in denying his motion for judgment of acquittal, or in instructing the jury to consider the lesser included offense of involuntary manslaughter. For the reasons which follow, we affirm.

On the afternoon of January 17, 1975, Clarence Blair[2] gave appellant a .22 caliber pistol to hold for him while he went downtown. Blair and four or five friends then boarded a downtown bus. Almost immediately, a fight broke out on the bus between Blair (and his friends) and Dennis Banks (and his friend, James Taylor). All participants alighted and the fight continued. Appellant saw Banks and Blair fighting and ran to within about twenty feet of the scene. Blair temporarily withdrew from the fight and walked toward appellant. While the evidence is in dispute on whether Blair demanded return of the gun (as appellant testified) or returned it without request (as Blair testified), it is undisputed that appellant returned the gun to Blair. Appellant was unaware of whether or not the gun was loaded. Blair testified that after appellant returned the gun to him, he loaded it and shot Banks causing his death.

### I.

Appellant's contention that the trial court erred in denying his motion for judgment of acquittal is not convincing. In ruling on a motion for judgment of acquittal, the court must assume the truth of the government's evidence and give the government the benefit of all reasonable inferences. See, e. g., Calhoun v. United States, D.C.App., 369 A.2d 605, 607 (1977); Chaconas v. United States, D.C.App., 326 A.2d 792, 797 (1974); United States v. Lumpkin, 145 U.S.App.D.C. 162, 168, 448 F.2d 1085, 1091 (1971); Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); Curley v. United States, 81 U.S. App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). Viewing the evidence in this case in its light most favorable to the government, it is sufficient to support a finding that appellant, with full knowledge of the affray between Blair and others, voluntarily and without demand, returned to Blair a pistol which Blair then used to shoot and kill Banks. This is legally sufficient to sustain a verdict convicting appellant of aiding and abetting the homicide. See In re E.G.C., D.C.App., 373 A.2d 903 (1977); Byrd v. United States, D.C.App., 364 A.2d 1215 (1976); Blango v. United States, D.C.App., 335 A.2d 230 (1975).

### II.

Appellant's primary challenge to his conviction is that the court should not have instructed the jury on involuntary manslaughter. At the close of the evidence, the government requested an instruction on involuntary manslaughter, stating that appellant's handing the gun to Blair was "a reckless act." Appellant objected to the proffered instruction arguing that to convict appellant of aiding and abetting the government must rely on evidence vis-à-vis Blair and Banks. Counsel characterized Blair's conduct as an act of deliberate murder and contended that the government's request for instructions should be bound by the factual crime in which the principal was convicted.

The determination of whether a lesser included offense instruction is proper

---

1. Michael Donaldson and Richard Price were also charged with the two second-degree murder counts. Donaldson was tried with appellant and found not guilty, and the charges against Price were dismissed without a trial.

2. Blair pled guilty to second-degree murder and appeared as a government witness at appellant's trial.

turns on whether the lesser offense consists entirely of some but not all of the elements of the greater offense, *Sansone v. United States,* 380 U.S. 343, 349–50, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Berra v. United States,* 351 U.S. 131, 134, 76 S.Ct. 684, 100 L.Ed. 1013 (1956); and whether there is a sufficient evidentiary predicate to support the charge. *Pendergrast v. United States,* D.C.App., 332 A.2d 919 (1975); *United States v. Comer,* 137 U.S.App.D.C. 214, 218, 421 F.2d 1149, 1153 (1970); *accord, Belton v. United States,* 127 U.S.App.D.C. 201, 382 F.2d 150 (1967).

The first prong of *Pendergrast* is easily satisfied here since manslaughter has long been recognized as a lesser included offense of second-degree murder. *See, e. g., Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896); *United States v. Comer, supra; Belton v. United States, supra.* As for the second *Pendergrast* prong, the guide as to whether the evidentiary predicate exists is "any evidence which tended to show such a state of facts as might bring the crime within the grade of manslaughter." *Stevenson v. United States, supra* at 314, 16 S.Ct. 839. The court's duty is to determine the preliminary question of law—whether there was such a complete absence of evidence upon the issue of manslaughter as to require that it be taken from the consideration of the jury. *Kinard v. United States,* 68 App.D.C. 250, 253, 96 F.2d 522, 525 (1938).

In the absence of a statutory definition of manslaughter in this jurisdiction,[3] we look to *United States v. Bradford,* D.C. App., 344 A.2d 208 (1975), where we defined the elements of involuntary manslaughter as: "(1) an unlawful killing of a human being (2) with either (a) the intent to commit a misdemeanor dangerous in itself or (b) an unreasonable failure to perceive the risk of harm to others." *Id.* at 216 (footnote omitted). Although the issue of involuntary manslaughter as a lesser included offense of murder is one of first impression

in this court, the United States Court of Appeals for this circuit has repeatedly treated it as such. *See, e. g., Simon v. United States,* 137 U.S.App.D.C. 308, 424 F.2d 796 (1970); *Thomas v. United States,* 136 U.S.App.D.C. 222, 419 F.2d 1203 (1969); *United States v. Dixon,* 135 U.S.App.D.C. 401, 419 F.2d 288 (1969). We hold that involuntary manslaughter is a lesser included offense to murder. Since in the instant case, the evidence mandated a manslaughter instruction and supported a finding of appellant's recklessness which thereby required an instruction on involuntary manslaughter, the trial court was correct in so instructing the jury.

In his brief, appellant does not address the *Pendergrast* test that we have discussed above. Instead, he argues that the court and the jury are required to inquire as to the nature of the offense committed by the principal, and to then determine whether the defendant aided and abetted the commission of that particular crime with the identical intent as held by the principal. Neither the statutory law (D.C.Code 1973, § 22–105) nor the case law of this jurisdiction recognize the restrictions that appellant proposes.

The case law interpreting § 22–105 of the D.C.Code requires proof that the offense was committed by someone other than the person accused of aiding and abetting, that the accused assisted or participated in its commission, and that he did so with guilty knowledge. *United States v. Wiley,* 160 U.S.App.D.C. 281, 285, 492 F.2d 547, 551 (1973). *See also Shanahan v. United States,* D.C.App., 354 A.2d 524 (1976); *Blango v. United States, supra.* Furthermore, as to the relationship between the intent and guilt of the principal and the aider and abettor, in *Shanahan v. United States, supra* at 528, we found no error in the trial court's instruction that the person accused of aiding and abetting "need not have had the identical intent of the principal . . at the same time and place." *See also*

---

**3.** In *Hill v. United States,* 22 App.D.C. 395, 401 (1903), the court held that all crimes known to the common law, except as otherwise provided by statute, are still in force in the District of Columbia.

*Branch v. United States,* D.C.App., 382 A.2d 1033 (1978). We, therefore, find appellant's argument inapposite; the question on appeal was whether the record supported the trial court's manslaughter instruction and we have determined that it did. Finding no error below, we

*Affirm.*