Gregory R. HALL, Appellant,

v.

UNITED STATES, Appellee.

No. 13171.

District of Columbia Court of Appeals.

Submitted Feb. 6, 1979.

Decided April 18, 1979.

---

J. Philip Kessel, Washington, D. C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Michael W. Farrell and William J. Hardy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellant was charged with taking indecent liberties with a minor child, D.C.Code 1973, § 22–3501(a), and sodomy, D.C.Code

1973, § 22–3502. After a bench trial, he was found guilty of taking indecent liberties and assault, D.C.Code 1973, § 22–504, the latter being a lesser included offense of sodomy. He argues on appeal that there was insufficient corroboration to the testimony of the victim, a seven-year-old child, to sustain his conviction, and that he cannot be sentenced on both assault and taking indecent liberties as the former is a lesser included offense of the latter.

On October 24, 1976, Gregory McBride, then seven years old, spent the night in the home of his great-grandmother, Janetta Coates. Appellant, Gregory McBride's uncle, also slept at the house that night. During the night, appellant forcibly placed his penis in his nephew's hand and mouth and subjected his nephew to acts of anal intercourse.

The nephew testified at trial that he escaped his uncle by offering to search for some vaseline to facilitate the anal intercourse, reported the incident to his great-grandmother, and spent the remainder of the night with her. Mrs. Coates testified that young Gregory did not awaken her or spend the night with her, and that in the morning he reported only the act of oral sodomy.[1]

On the day following the incident, Gregory once again told his great-grandmother that his uncle had attacked him, whereupon Mrs. Coates notified Gregory's mother, bathed him, and took him to the doctor, who determined that he had a small anal fissure. The doctor testified at trial that the fissure could have been the result of a fall, constipation, or the alleged act. On the basis of the child's medical history and a discussion with the child and the great-grandmother, the doctor opined that the probable cause of the fissure was the insertion of a penis into the child's anus.

■ Appellant's first argument is that there was produced at trial insufficient evidence to corroborate the complaining wit-

1. Mrs. Coates' testimony differs from Gregory's in other respects. He testified that she ordered appellant out of the house, and she testified that appellant left the house without speaking to her. There were other minor discrepancies concerning Mrs. Coates' state of mind that morning. See note 3 infra.

ness' story. That a defendant cannot be found guilty of a crime of this nature on the basis of the uncorroborated testimony of a minor victim is the clear meaning of this court's pronouncement in *Robinson v. United States,* D.C.App., 357 A.2d 412 (1976). In *Arnold v. United States,* D.C. App., 358 A.2d 335 (1976) (en banc), we carefully limited our holding, that in order to return a guilty verdict in the case of rape and "other sex related offenses" there need be no corroboration of the testimony of the complaining witness, to situations in which the testimony in question is that of a "mature female victim." *Id.* at 344; *see Griffin v. United States,* D.C.App., 396 A.2d 211 (1978) (trial for solicitation for lewd and immoral purposes not governed by *Arnold* ).

■ Given that corroboration is required, the question becomes one of degree: how much, in terms of quantity and weight, corroborative testimony is required. There is no objective test for determining whether the victim's testimony is sufficiently corroborated; we must make that determination on a case by case basis. *Douglas v. United States,* D.C.App., 386 A.2d 289, 294 (1978); *United States v. Gray,* 155 U.S.App.D.C. 275, 477 F.2d 444 (1973). A conviction cannot stand, however, unless there is sufficient evidence to convince the trier of fact that the victim's testimony was not a fabrication. *Douglas v. United States, supra* at 294; *United States v. Gray, supra* at 276, 477 F.2d at 445, quoted in *Robinson v. United States, supra* at 416.

In the case at bar, the corroborative testimony, as credited by the trial court, consisted of the great-grandmother's testimony that the victim reported the act to her the morning following the incident; the testimony of the doctor, both in terms of its medical relevance and as evidence of a prompt report; the mother's testimony that the child reported the incident to her on the day after it occurred and that the child cried and seemed upset.

On the other hand, the great-grandmother testified that the child showed no signs of emotional upset when she talked with him on the morning after the incident. Her testimony was in direct conflict with that of the victim concerning his attempts to report the incident on the night it occurred. Moreover, in a hearing to determine the child's competency to testify,[2] Mrs. Coates testified that her great-grandson was a chronic liar.[3]

■ To determine the quantum of evidence required to corroborate a particular victim's testimony, we look to factors exogenous to the case; that is, we look to such things as the victim's age, his motives to falsify, and any other indication that the victim's allegations are something other than baseless. *Douglas v. United States, supra* at 294; *United States v. Gray, supra* at 276, 477 F.2d at 445.

■ Although the child was young and the great-grandmother put his credibility in doubt, we agree with the trial court that the prompt report by the child, *see Arnold v. United States, supra,* the medical testimony, and the consistency of the child's testimony and statements, *see Robinson v. United States, supra* at 416; *cf. Hinton v. United States,* 91 U.S.App.D.C. 13, 196 F.2d 605 (1952) (inconsistencies fatal), provide sufficient corroboration of young Gregory's testimony. The court apparently chose not to credit the great-grandmother's testimony. *See* note 3 *supra.* While the doctor's testimony was deemed insufficient to prove

---

2. There is some confusion as to whether Mrs. Coates' testimony at the competency hearing was considered by the court in its capacity as trier of fact. The court noted during trial that it would so consider the testimony given at the hearing by the victim. Both counsel discussed with the court whether the same would be true as to Mrs. Coates' testimony. The court deferred ruling on that and never returned to it.

3. A critical reading of Mrs. Coates' testimony both at trial and at the competency hearing yields the conclusion that she was greatly influenced by her belief that defendant, who is her grandson, would not commit such an act. Apparently because the obvious loyalty to her grandson permeated Mrs. Coates' testimony, the trial court chose not to credit it to a large extent.

anal intercourse,[4] and therefore the court acquitted on the sodomy charge, it did go so far as to document the feasibility of the child's story; it cannot be doubted that it is more likely that the child did not fabricate the story than if there were no medical testimony.

 Appellant's second argument is that the conviction for assault should be vacated because assault is a lesser included offense of taking indecent liberties with a minor child. We recently stated, "A lesser-included offense is one which consists entirely of some but not all of the elements of the greater offense." *In re W.B.W.*, D.C.App., 397 A.2d 143, 147 (1979), citing *Sansone v. United States*, 380 U.S. 343, 349–50, 88 S.Ct. 1004, 13 L.Ed.2d 882 (1965), and *Stewart v. United States*, D.C.App., 383 A.2d 330, 332 (1978). In addition, we must look to the purposes of the statutes to determine if the conduct at which they are aimed and the rationale for addressing that conduct is similar.

 We agree with appellant's argument. One commits an assault when one "unlawfully assaults, or threatens another in a menacing manner . . . ." D.C. Code 1973, § 22–504. A showing of violence is not necessary; any attempt to do any bodily injury, however small, will suffice. *E. g., Harris v. United States*, D.C.App., 201 A.2d 532 (1964). The crime of indecent acts is the taking or attempting to take "any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires," of either the perpetrator or the victim, or the commission or attempted commission of, "any lewd or lascivious act," upon such a child, with the same intent. D.C.Code 1973, § 22–3501(a). Consent by the child is no defense. D.C. Code 1973, § 22–3501(c). It defies the imagination that anyone could commit an indecent act without also committing an assault, especially given that by law the victim cannot consent to the indecent act.

 The government argues that since the assault conviction is derived from the sodomy indictment, and sodomy is not a lesser included offense of indecent acts, the convictions should not merge. Finding that argument unpersuasive, we hold that the conviction for assault should be vacated.

The conviction for taking indecent liberties with a minor child is affirmed and the case is remanded with directions to vacate the conviction of assault.

*So ordered.*

---

4. This is not to say that corroborative testimony must rise to a level sufficient to prove the charges. Rather, the trial court reasoned that the inability of the medical testimony to establish more than a "consistency with the anal intercourse," rendered the victim's testimony insufficient to prove the elements of sodomy, but sufficient to show assault.