## PATTERSON v. PILLANS.

---

ASSAULT AND BATTERY; MASTER AND SERVANT; DAMAGES.

An action to recover damages for an alleged assault, by a former servant against her mistress, will not lie where the defendant locked the plaintiff in a room in an apartment which they occupied, and declined to give the plaintiff any explanation of her act in so doing, but thereafter unlocked the door and released the plaintiff, and where there was no threat of violence on the part of the defendant, and no manifestation of intent to use violence; although the plaintiff became so distressed and humiliated as the result of the act of the defendant that she became nervous and unable to sleep.

No. 2766.    Submitted April 6, 1915.    Decided April 26, 1915.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia dismissing an action to recover damages for an alleged assault, a demurrer to the declaration having been sustained and the plaintiff having elected not to amend.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action in trespass on the case for damages for an alleged assault. The appeal is from the judgment of the court below on demurrer to plaintiff's declaration.

It is alleged that plaintiff, Ella C. Patterson, was traveling with defendant, Helen M. Pillans, as a companion; that, while stopping in an apartment house in this city, plaintiff, on returning from church on the evening of May 3, 1914, found the apartment locked; that after ringing the bell and rapping on the door for about half an hour, and failing to get any response from defendant, she appealed to the clerk, who telephoned to defendant, and secured permission for plaintiff to enter the apartment for the night; that the following morning she arose at about her usual hour and found she was locked in and the key was taken from the door, and she had no means of access to the telephone; that she waited patiently, however, for defendant to bestir herself, and when she did plaintiff asked her why she had locked the door, and defendant replied that she had locked it because she wished to, and would give plaintiff no other reason for so doing; that plaintiff thereupon requested that the door be unlocked in order to allow her to go downstairs to breakfast, which request was not granted for some time thereafter, when, finally yielding to plaintiff's insistence, defendant unlocked the door, and plaintiff was permitted to leave the apartment.

*Mr. Leonard J. Mather* and *Mr. Richard J. Downey* for the appellant.

*Mr. William K. Quinter* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Upon these allegations, unaccompanied by any threats whatever, it is sought to sustain a charge of assault. In *Hays* v. *People,* 1 Hill, 351, the following comprehensive definition of assault was given, which has been approved in many cases: "An assault is defined by these [authorities], to be an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an inten-

tion, coupled with the present ability, of using actual violence against the person."

Tested by this rule, there was no assault committed. Before the charge of assault can be sustained, it must appear that the defendant threatened plaintiff with violence, coupled with the intent, and, at least, apparent means of carrying the threat into execution. The mere locking or obstruction of a door is not an assault. In *Innes* v. *Wylie,* 1 Car. & K. 257, plaintiff had been wrongfully expelled from a certain society, and the privilege of attending its meetings denied. He attempted to force his way into one of the meetings, but his way was obstructed by a policeman. On this point the policeman testified: "The plaintiff tried to push by me into the room, and I *prevented* him." On this question the court instructed the jury as follows: "You will say whether, on the evidence, you think that the policeman committed an assault on the plaintiff, or was merely passive. If the policeman was entirely passive, like a door or a wall put to prevent the plaintiff from entering the room, and simply obstructing the entrance of the plaintiff, no assault has been committed on the plaintiff, and your verdict will be for the defendant. The question is, Did the policeman take any active measures to prevent the plaintiff from entering the room, or did he stand in the doorway, and not move at all?"

Neither will the allegation that the acts charged so distressed and humiliated plaintiff as to "cause her intense mortification and anguish of mind and body, so that she became excited and nervous and unable to sleep, and has suffered severe and lasting headaches therefrom," support the charge of assault. In the case of *Braun* v. *Craven,* 175 Ill. 401, 42 L.R.A. 199, 51 N. E. 657, 5 Am. Neg. Rep. 15, defendant went to the house of plaintiff, his tenant, to collect rent, and found plaintiff moving her effects from the premises. He attempted to prevent the removal of plaintiff by using threatening and abusive language, but made no attempt to use personal violence to plaintiff. "Under the pleadings in this case mere words and gestures are sought to be made actionable because of the nervous temperament of the plaintiff, without which such words and gestures would not be

actionable. This would introduce and incorporate in the law a new element of damage,—a new cause of action,—by which a recovery might be had for an injury resulting to one of a peculiarly nervous temperament, while no injury would result to another in identically the same position. From such a cause of action and liability for damage a dangerous use could be made. No such recovery is authorized under the common law, and no statute gives it."

In any view of the case, the declaration fails to state a cause of action, and the demurrer was properly sustained; but it may be suggested that a distinction exists between a case where the parties have no contractual claim upon each other, and a case, like the present, where the acts alleged related to the conduct of the mistress of the house toward her maid servant. So long as the master perpetrates no bodily injury on the servant, wide latitude is extended in controlling the conduct of his servants within his own premises, and enforcing proper conduct and performance of duty on their part.

The judgment is affirmed with costs.                    *Affirmed.*