**David INGRAM and John William Harrison, Appellants.**

v.

**UNITED STATES, Appellee.**

No. 1573.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 20, 1954.

Decided Jan. 17, 1955.

Evan T. Davis, Washington, D. C., for appellants.

Gerard J. O'Brien, Asst. U. S. Atty., Washington, D. C., with whom Leo A. Rover, U. S. Atty., Lewis Carroll and Robert J. Asman, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

David Ingram and John Harrison appeal from a conviction on a charge of assault. Code 1951, § 22–504. (A third defendant to whom we shall have occasion to refer was convicted at the same trial but has not appealed.)

The assault was allegedly made on a female patron in a restaurant operated by defendant Harrison. She testified that the three defendants grabbed her, picked her

up, carried her to an upstairs room and took off part of her clothes. She said that she was forcibly subdued and choked, and while being held by one or another of the men, each of the three in turn forced sexual relations upon her. Defendant Ingram did not take the stand. Harrison testified that he was not present at the time of the assault and took no part in the episode just described. Simmons admitted that he had intercourse with the complaining witness, but said that it was voluntary on her part and had happened frequently before, and that she was a prostitute. He said that the other two defendants did not have relations with her.

■■ The first error assigned is the refusal to direct a verdict of not guilty. Counsel says "this was a case of rape or nothing and was so conducted by the prosecution." With this extreme statement we cannot agree. The charge was simple assault and there was ample evidence to support the jury's finding that such charge was proved. Even without the carnal aspects of the assault there was clear evidence of physical violence directed against the body of the complaining witness, in forcibly carrying her to the upper floor, in choking her, and in forcibly removing some of her clothes. Appellants ask us to rule that they were entitled to an acquittal because the testimony of the complaining witness was uncorroborated.[1] The first answer is that no rule of law requires corroboration in a case of simple assault. A still better answer is that the complainant was corroborated factually and circumstantially, in part at least, by two of the defendants, and was corroborated in some detail by a police officer who told of the swollen condition of her face and throat and of having found some articles of her clothing in the room. It would have been utterly wrong to take the case from the jury and order acquittals.

■ Next we are asked to rule that the trial court erred in not giving the jury an instruction that they might draw adverse inferences from the failure of the government to produce two witnesses: the doctor who examined complainant on the night of the offense, and her husband. It is clear that this evidence would have been merely cumulative. The doctor could presumably have testified that his examination disclosed that complainant had had sexual intercourse; but defendant Simmons admitted having had relations with her that night. The doctor might also have told of the bruises and swelling on her body; but in that respect she had already been corroborated by a police officer. Nor was her husband, to whom she had reported the assault, an essential witness; having no firsthand knowledge of the actual assault, there was nothing he could have added to the evidence already in the case. Clearly appellants were not entitled to an adverse witness charge. Curtis v. Rives, 75 U.S.App. D.C. 66, 123 F.2d 936; Brooks v. United States Fidelity & Guaranty Co., D.C.Mun. App., 109 A.2d 377; Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624.

■ It is said there was error in failing to instruct the jury that no presumption was to be raised against defendant Ingram for his failure to take the stand. We have ruled that the court is required to give such an instruction when defense counsel requests it. In re Davis, D.C.Mun.App., 83 A.2d 590. No such request was made in this case.[2] It is now too late to make this claim of error.

1. Citing Kelly v. United States, 90 U.S. App.D.C. 125, 194 F.2d 150; Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633, certiorari denied 318 U.S. 803, 63 S.Ct. 991, 87 L.Ed. 1167; Kidwell v. United States, 38 App.D.C. 566.

2. In some cases the question has been raised as to whether such an instruction helps or hurts a defendant, and whether he may not be better off without it.

Swenzel v. United States, 2 Cir., 22 F.2d 280; Becher v. United States, 2 Cir., 5 F.2d 45, certiorari denied 267 U.S. 602, 45 S.Ct. 462, 69 L.Ed. 808; see also, Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650; Bradford v. United States, 5 Cir., 129 F.2d 274; Kahn v. United States, 6 Cir., 20 F.2d 782; United States v. Glazer, D.C.Mo., 110 F. Supp. 558, appeal dismissed, 8 Cir., 205 F.2d 421.

The last assignment of error charges that the judge failed to give an instruction properly limiting the applicability of testimony of defendants Simmons and Ingram. This claim of error has not been argued or developed in any way, and we find nothing in the record to support it. The testimony of Simmons was helpful to the other two defendants who, he said, had not assaulted the complainant. One admission by Ingram, testified to by a police officer, was wholly exculpatory. Another admission by him damaging in nature, was proffered out of the hearing of the jury, objected to by defense counsel, and excluded by the court. In none of this was there the slightest error.

Affirmed.