Clyde HARRIS, Appellant,

v.

UNITED STATES, Appellee.

Nos. 3473, 3474.

District of Columbia Court of Appeals.

Argued May 4, 1964.

Decided June 16, 1964.

Max Frescoln, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Martin R. Hoffman, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge:

These are appeals from convictions for assault[1] and petit larceny.[2] Appellant's primary contention is that the evidence was insufficient to support a jury verdict for assault.

The complaining witness, Meier, testified that he first saw appellant while he was standing on the loading platform of a bus terminal preparing to board a bus for southern Virginia. His wife, who preceded him, was getting on the bus when a coin dropped at Meier's feet. Meier, appellant, and a third unidentified man stooped to find the coin. At this point appellant fumbled with the cuffs of Meier's trousers and reached between Meier's feet from behind. Meier felt himself being jostled, feeling impact at the area of his hip pocket. The jostling prompted a check of his hip pocket where he kept his wallet. He discovered his wallet was gone and turned to see appellant proceeding back into the terminal. Meier yelled, "The Negro has

---

1. Code 1961, § 22–504 provides: "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."

2. Code 1961, § 22–2202 provides: "Whoever shall feloniously take and carry away any property of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both. * * *"

taken my wallet." [3] Immediately his wife joined him in pursuit of appellant who was then running through the doorway of the terminal. While Mrs. Meier continued the pursuit, Meier stopped to find a policeman. He located one and conveyed what had happened by gesturing toward his hip pocket and the running figures of appellant and his wife. The policeman joined in the chase and as they moved toward the exit of the terminal, the officer observed appellant drop an object resembling a wallet. At the street exit they overtook appellant, who was then being held by Mrs. Meier and some students. The officer arrested appellant and a spectator handed him the wallet which Meier identified. Thereupon appellant was taken to the police precinct. At the trial he denied any participation in the crimes charged and claimed, in effect, that he was an innocent bystander. [4]

On appeal it is urged that the evidence shows nothing more than a nonviolent contact with Meier and that such contact is insufficient to support a verdict of assault. It is argued further that there was no evidence of any threat or danger of physical injury to Meier and that a nonviolent, noninjurious contact unaccompanied by any intention of using actual violence cannot constitute assault under Code Section 22–504.

It has been held that the assault contemplated by Section 22–504 is common law assault. Guarro v. United States, 99 U.S.App.D.C. 97, 99, 237 F.2d 578, 580 (1956); Beausoliel v. United States, 71 App.D.C. 111, 114, 107 F.2d 292, 295 (1939). Assault at common law is " 'an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person.' " Patterson v. Pillans, 43 App.D.C. 505, 506–507 (1915). Nevertheless, "violence" in its ordinary meaning is not a necessary element of assault, for an attempt to do unlawfully to another any bodily injury however small constitutes an assault. [5] Further, actual fear on the part of the person assaulted is not a necessary element of the crime. [6] Thus, the jostling of Meier, the fumbling with his trouser cuffs, and the impact at the area of his hip pocket constituted sufficient evidence to send the case to the jury on the question of assault. [7]

Appellant's second contention is that a portion of the closing argument by the prosecutor was prejudicial. He objects to that part wherein the prosecutor told the jury that a guilty verdict for larceny re-

3. Meier and his wife spoke only German. At the trial their testimony was given to the jury through an interpreter.

4. Appellant admitted convictions of like offenses dating as far back as 1940.

5. See Burdick, The Law of Crime §§ 339, 343 (1946). Compare Falconiero v. Maryland Cas. Co., 59 N.J.Super. 105, 157 A. 2d 160 (1960). Appellant's contention that a pickpocket who jostles his victim cannot by analogy be guilty of the "force or violence" necessary to constitute common law robbery is incorrect. Duluth St. Ry. Co. v. Fidelity & Deposit Co., 136 Minn. 299, 161 N.W. 595, L.R.A.1917D, 684 (1917); Snyder v. Commonwealth, 21 Ky.L.Rep. 1538, 55 S.W. 679 (1900). Significantly, we are not concerned with the pickpocket who

steals *without* pushing or jostling his intended victim.

6. Commonwealth v. Slaney, 345 Mass. 135, 185 N.E.2d 919 (1962).

7. Whether appellant was *in fact* responsible for the assault was a question of credibility for the jury to decide. Whether the evidence warranted the further inference that the wallet was stolen rather than dropped accidentally had no bearing on the question of assault, but only on the question of petit larceny. Compare Miller v. United States, 116 U.S.App.D.C. 45, 320 F.2d 767 (1963); Hunt v. United States, 115 U.S.App.D.C. 1, 316 F.2d 652 (1963). Appellant does not attack any part of the charge with respect to petit larceny.

quired a guilty verdict of assault. While such a view was erroneous, it was not objected to at the trial, and in the light of the entire record we do not feel it was such plain error affecting substantial rights as to require reversal.

We have carefully considered the remaining contentions and find them without merit.

Affirmed.