**In the Matter of D. W. J., JR.**

**No. 6270.**

District of Columbia Court of Appeals.

Argued May 3, 1972.

Decided July 11, 1972.

Miller W. Marshall, Washington, D. C., appointed by this court, for appellant.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief for appellee.

Before KELLY, FICKLING and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

One afternoon in September of 1971, Antonio Wells, age 13, was on his way home with a friend when he observed appellant and another juvenile trying to enter a rear kitchen window of his father's ground-floor apartment. Antonio went over to the two boys when they called to him. The boys told him that if he did not go through the window, which had been broken and opened, and remove certain items from the apartment, they would kill him or get someone else to "jump" him. Antonio did as he was told, and was later made to sell the items and turn the money received over to appellant and his companion.

Appellant was charged with threats in a menacing manner.[1] He presented an alibi defense at trial, which the court did not accept, and was held responsible as charged.

1. D.C.Code 1967, § 22–504. Assault or threatened assault in a menacing manner.

Whoever unlawfully assaults, or threatens another in a menacing manner,

Appellant's argument on appeal is that on a charge of threats in a menacing manner under Section 22–504 of the Code it is incumbent upon the prosecution to prove the elements of an assault; *i. e.,* that a case of threats under the statute is essentially an assault case.

At common law, threatening words, accompanied by a menacing or threatening gesture, constituted an assault.[2] Section 22–504, which by its terms relates to assaults or *threatened assaults* in a menacing manner, codifies the common law offense of assault,[3] which has been defined as "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person".[4]

Proof of threats in a menacing manner under Section 22–504 by words alone does not suffice.[5] Oral threats to do bodily harm, a crime unknown to the common law, has been made a crime in this jurisdiction by statute, Postell v. United States, D.C.App., 282 A.2d 551 (1971), and appellant could properly have been charged under that statute for his conduct in this case.[6] However, the evidence does not sustain a holding that appellant threatened the complainant in a menacing manner within the meaning of Section 22–504 of the Code. The judgment of the trial court must therefore be

Reversed.

shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both.
Appellant was also charged with burglary and larceny but was acquitted of those charges.

2. United States v. Richardson, 5 Cranch C.C. (5 D.C.) 348 (1837) (raising a club and threatening to strike) ; United States v. Kierman, 3 Cranch C.C. (3 D.C.) 435 (1829) (cocking and raising a gun and threatening to shoot) ; United States v. Myers, 1 Cranch C.C. (1 D.C.) 310 (1806) (doubling a fist and threatening to knock down).

3. Guarro v. United States, 99 U.S.App.D.C. 97, 237 F.2d 578 (1956).

4. *Id.* at 99, 237 F.2d at 580.

5. *See* Patterson v. Pillans, 43 App.D.C. 505, 507 (1915).

6. D.C.Code 1967, § 22–507. Threats to do bodily harm.
Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than six months, or both, and, in addition thereto or in lieu thereof, may be required to give bond to keep the peace for a period not exceeding one year.
Prosecution should be had under this section of the Code for a threat by words which convey a menace or fear of bodily harm. Postell v. United States, D.C.App., 282 A.2d 551, 553 (1971).