Samuel GRIFFIN, Appellant,

v.

UNITED STATES, Appellee.

No. 13312.

District of Columbia Court of Appeals.

Argued Nov. 8, 1978.

Decided Dec. 19, 1978.

John Stanton, Washington, D. C., appointed by this court, for appellant.

Thomas J. Tourish, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

█ This is an appeal from a conviction of solicitation for lewd and immoral purposes. D.C.Code 1973, § 22–2701. The solicitation was of a covert police officer who stopped his car and was approached by appellant. Only the officer testified for the government. The defense relied in its motion for judgment of acquittal on *Kelly v. United States*, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), which held that corroboration of the officer's testimony is required. The government and the trial court were of the opinion that the rationale of *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc) abrogated the need for such corroborative evidence. We conclude that *Arnold* cannot be read to reach that result and under *M. A. P. v. Ryan*, D.C. App., 285 A.2d 310 (1971), we are required to reverse and order a judgment of acquittal, the case being controlled by *Kelly*.

█ In *Arnold v. United States, supra*, this court abrogated the rule that a rape victim's testimony must be corroborated. The government argues that the en banc *Arnold* holding and rationale go beyond the offense of rape and fairly may be read as overturning the need for corroboration in prosecutions for this type of solicitation. A closer reading of the opinions in *Arnold* reveals that only three other judges subscribed, without reservation, to Judge Pair's opinion. It is that opinion which used such broad language as "in a sex case", *id.* at 343, "rape and other sex related offenses" and "rape or its lesser included offenses", *id.* at 344. This author specifically reserved concurrence in "the directive to eliminate for the future the need for proof of corroboration in rape and lesser included offenses . . . ." *Id.* Three other judges specifically concurred in Judge Fickling's opinion in which he withheld application of the new rule to "a related sex case" until one was before us. *Id.* at 345 n.1.

It is, therefore, apparent that the holding in *Arnold* is limited to rape and its lesser included offenses.[1] We are unable as a division to deem ourselves free to depart from specifically binding precedent on the authority of *Arnold v. United States, supra. M. A. P. v. Ryan, supra.*

The government also argues that the reasoning supporting the decision in *Arnold* applies with equal force to a homosexual solicitation. We do not pass on the merit of this point for it is clear to us that the *M. A. P.* rule respecting division authority in the face of binding precedent appropriately applies to holdings or "decisions", *M. A. P. v. Ryan, supra* at 312, not rationale or dictum.

■ The judgment of conviction is

*Reversed and the case remanded for entry of a judgment of acquittal.*[2]

1. In *Arnold v. United States, supra* at 344, a majority of the judges of this court mandated only that

  in the future no instruction directed specifically to the credibility of any mature female victim of rape or its lesser included offenses and the necessity for corroboration of her testimony shall be required or given in the trial of any such case in the District of Columbia court system.

2. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), precludes, on double jeopardy grounds, retrial when the reviewing court holds that the evidence was insufficient for conviction.