**In the Matter of L.A.G., Appellant.**

**No. 12458.**

District of Columbia Court of Appeals.

Submitted April 4, 1978.

Decided Jan. 10, 1979.

Ladd B. Leavens, Public Defender Service, Washington, D. C., for appellant.

John R. Risher, Jr., Corp. Counsel, Washington, D. C., at the time the brief was filed, Richard W. Barton, Deputy Corp. Counsel, and Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee District of Columbia.

Before NEWMAN, Chief Judge, and YEAGLEY and MACK, Associate Judges.

NEWMAN, Chief Judge:

The question presented to us on this appeal is one of first impression in this court. Simply stated, it is: Where a defendant is charged with simple assault [1] upon a victim of the opposite sex who is a minor, and the element of "force and violence" necessary to a conviction is supplied by the "sexual nature" of the touching, is corroboration required to sustain a conviction? We answer in the negative and affirm the trial court's delinquency adjudication of appellant.

At about 9 a. m. on December 16, 1976, complainant, a 12-year-old female, was walking to a math class on the third floor of Alice Deal Junior High School when she encountered appellant and a second boy, also students. As appellant met complainant, he "stuck his hand out and felt [her] vagina." His hand remained there for ap-

---

1. D.C. Code 1973, § 22–504.

proximately ·five seconds after which he walked away, laughing.

Since the appellant was charged and convicted of simple assault, a violation of D.C. Code 1973, § 22–504, the government must prove all the elements of that offense. It has been held that the assault contemplated by that section of the Code is common law assault defined as,

an attempt with force or violence to do a corporal injury to another and may consist of any act tending to such corporal injury accompanied with such circumstances as denote at the time an intention coupled with the present ability, of using actual violence against the person. [*Patterson v. Pillans*, 43 App.D.C. 505, 506–07 (1915), quoting *Hays v. People*, 1 Hill, N.Y., 351.][2]

Thus, one of the elements to be proven is violence or threat of violence; "nevertheless, 'violence' in its ordinary meaning is not a necessary element of assault, for an attempt to do unlawfully to another any bodily injury however small constitutes an assault." *Harris ,v. United States*, D.C.App., 201 A.2d 532, 534 (1964).

It is generally held, at common law, that a heterosexual contact with a female without her consent constitutes an assault. *See Beausoliel v. United States*, 71 U.S.App. D.C. 111, 115, 107 F.2d 292, 296 (1939). Thus, the sexual nature of the contact supplies the missing element of violence or threat of violence. In *Beausoliel*, the defendant was convicted of simple assault on a child by a sexual touching of a nonviolent nature. The court held that such conduct constituted an assault. "In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." *Id.* at 115–16, 107 F.2d at 296–97 (footnote omitted). In the present case the contact complained of was sexual

in nature and thus, the missing element is supplied by that contact.

We now turn to the second contention, *i. e.*, that corroboration is required in such cases. Since our decision in *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc), corroboration is no longer required for conviction of rape or its lesser included offenses where the victim is a mature female. However, we have· not had occasion to extend the abrogation of the corroboration requirement to sex offenses where the victim is a minor female. *See In re J.W.Y.*, D.C.App., 363 A.2d 674, 677–78 (1976).

Appellant relies on the line of cases beginning with *Kelly v. United States*, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), which includes such cases as *Guarro v. United States*, 99 U.S.App.D.C. 97, 237 F.2d 578 (1956), and *Konvalinka v. United States*, D.C.Mun.App., 162 A.2d 778 (1960), to support his contention as to corroboration. In our view, this reliance is misplaced.

In *Kelly v. United States, supra*, appellant was charged and convicted of the offense of soliciting an undercover male police officer to engage in a homosexual act. The United States Court of Appeals reversed the conviction for lack of corroboration. The court held that corroboration was necessary because the "abominable" nature of the crime; the "destructive" effect of even the allegation of it; and the difficulty of defending against such an allegation given the private surroundings out of which such allegations usually arise. In *Guarro v. United States, supra*, a male defendant was convicted of simple assault based on proof that he had touched the genitals of an undercover male police officer. In explicating the *Kelly* holding and its reasons for applying the *Kelly* rule to simple assaults of a sodomitical nature, the court stated:

Our decision in *Kelly* did not purport to be based on any express or implied requirements of Section 22–2701, and indeed did not deal with all the crimes

**2.** Also quoted in *Anthony v. United States*, D.C. App., 361 A.2d 202, 204 (1976); *Harris v. United States*, D.C.App., 201 A.2d 532, 534 (1964); *Guarro v. United States*, 99 U.S.App.D.C. 97, 99, 237 F.2d 578, 580 (1956); *Beausoliel v. United States*, 71 App.D.C. 111, 114–15 n. 14, 107 F.2d 292, 295–96 n. 14 (1939).

comprehended within that section. It was based rather on the peculiar nature of a charge involving homosexual conduct, and the difficulties that face a person accused of such conduct. [Citation omitted.] In *Kelly* the crime alleged was an invitation to sodomy, and we said:

> In the first place, the testimony of a single witness to a verbal invitation to sodomy should be received and considered with great caution. The great public interest that charges of this offense be not preferred without sound foundation requires that there be a known strictness on the part of the courts which will serve to deter prosecution in dubious cases. [*Kelly v. United States, supra*, 90 U.S.App.D.C. at 129, 194 F.2d at 154–55.]

The same caution should be applied in considering the testimony of the arresting police officer in cases like the present, relative to an act which by its nature left no traces and to which there were no other witnesses. [*Guarro v. United States, supra*, 99 U.S.App.D.C. at 98–99, 237 F.2d at 579–80.]

And in *Konvalinka v. United States, supra*, where appellant was charged with a homosexual assault on a minor child, this court in following the rule of *Kelly* and *Guarro*, stated:

> Although appellant was charged with simple assault, Code 1951, 22–504, the homosexual nature of the assault demands treating with great caution the boy's accusation against appellant and requires of the Government the most convincing kind of proof. [162 A.2d at 781 (footnotes omitted).]

As each of those cases makes crystally clear, it is the *homosexual* nature of the assault (or, in the case of *Kelly*, the solicitation) which gives rise to the need for "careful scrutiny" of the evidence and for corroboration.

Special proof requirements are usually invoked depending on the relative proportion, in human experiences, of two related elements—the likelihood of false accusations compared with the harm of a "guilty"

person escaping conviction. *See* 7 Wigmore, Evidence § 2037 (3d ed. 1940); *Kelly v. United States, supra. See generally* 7 Wigmore, Evidence §§ 2030–2075 (3d ed. 1940 & Supp. 1975); 2 Wharton, Criminal Evidence §§ 486–500 (13th ed. 1972). Nothing suggests itself to us, from human experience, which would call for special scrutiny or a higher degree of proof in a simple assault case of a heterosexual nature merely because the "force and violence" element of the required proof is supplied by the "sexual nature" of the touching. Thus, we decline to extend the *Kelly* rule to such cases.

*Affirmed.*

MACK, Associate Judge dissenting:

A 12-year-old girl has testified that a 13-year-old boy placed his hand upon her vagina for five seconds during an encounter in a junior high school corridor. My colleagues, in effect, concede as they must, that if the complaining witness had been a 12-year-old boy, instead of a 12-year-old girl, the complainant's testimony would have required corroboration under *Konvalinka v. United States*, D.C.Mun.App., 162 A.2d 778 (1960); *Guarro v. United States*, 99 U.S.App.D.C. 97, 237 F.2d 578 (1956); and *Kelly v. United States*, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952). The majority, however, attempts to distinguish these cases on the theory that they involve the stigmal nature of homosexual conduct.

I cannot follow reasoning that suggests that less caution is required when proving simple assaults of a heterosexual nature as opposed to simple assaults of a homosexual nature. The basic logic of the cases it seems to me, is that testimony of a victim witness should be carefully scrutinized in sexual situations "relative to an act which by its nature left no traces and to which there were no other witnesses." *Guarro, supra*, 99 U.S.App.D.C. at 98–99, 237 F.2d at 579–80. And as to the "abominable" crime of sodomy, whatever its historical connotations, the difficulties of defense that face a person accused thereof would appear to be

the same whether the victim be male or female. *See Kelly, supra,* 90 U.S.App.D.C. at 129, 194 F.2d at 154–55.

The trial court, apparently recognizing the problem posed by the cases, used another approach. On a post-hearing motion by respondent, to which the government filed no answer, the court made a specific finding that corroboration was not required because the unpermitted touching did not constitute a "sex act." The court explained "although the boy laughed after he touched [complainant], there was no oral statement such as "I touched it" or other indication that the touching was sexual in nature." The difficulty with this approach is that the "sexual nature" of the touching is necessary to supply the missing element of violence or threat of violence accompanying common-law simple assault. *See Beausoliel v. United States,* 71 App.D.C. 111, 107 F.2d 292 (1939). Compare *Patterson v. Pillans,* 43 App.D.C. 505 (1915). If we have neither a sexual act nor violence or threat of violence, I do not see how we can affirm this adjudication of delinquency.

If indeed we are dealing with a sexual offense, and I agree with my colleagues that we are, it is worth a reminder that in this jurisdiction for many years an individual accused of such an offense could not be convicted upon the unsupported testimony of the victim. *See e. g., Evans v. United States,* D.C.App., 299 A.2d 136 (1973); *Coltrane v. United States,* 135 U.S.App.D.C. 295, 418 F.2d 1131 (1969). It was not until 1976 that we carved out an exception to this rule in the case of a *mature female* victim of rape or lesser included offenses. *Arnold v. United States,* D.C.App., 358 A.2d 335 (1976) (en banc). *Cf. In re J.W.Y.,* D.C. App., 363 A.2d 674 (1976) (where we declined to expand the principles of *Arnold* to a prosecution for carnal knowledge involving a youthful victim). The requirement of corroboration in the instant case,* therefore, would not represent an "extension" of the law but merely compliance with the law.

I respectfully dissent.

---

* This record is devoid of any circumstantial evidence, however slight, which would support corroboration. There is no indication of a report to school authorities; complainant contin-

ued on her way to class. The police were apparently notified the following day and respondent was arrested 48 hours after the encounter.