**In the Matter of L. A. G., Appellant.**

**No. 12458.**

District of Columbia Court of Appeals.

Argued April 18, 1979.

Decided Oct. 29, 1979.

---

Silas J. Wasserstrom, Public Defender Service, Washington, D.C., for appellant.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D.C., with whom Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., was on the response to the petition.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and YEAGLEY, Associate Judge, Retired.

MACK, Associate Judge:

In an initial consideration of this case, the panel affirmed an adjudication of delinquency on the ground that evidentiary corroboration was not required to sustain the conviction of a 13-year-old male for simple assault of a "sexual nature" upon the person of a 12-year-old female. *See In re L.A.G.,* D.C.App., 396 A.2d 981 (1979). On petition for rehearing or rehearing en banc, unopposed by the government in the interest of furthering the administration of justice, the panel granted rehearing and reheard oral argument. Upon further consideration, a majority of the panel has concluded that the initial disposition was in error and we therefore vacate that holding and reverse the conviction.

Appellant was charged with simple assault in violation of D.C.Code 1973, § 22–504. Complainant was the sole witness to testify. She stated that she encountered appellant and a companion in a junior high school corridor and that appellant reached

out and touched her vagina; he held his hand there for approximately five seconds before walking away, laughing. The trial court found that the act in question was not sexual in nature,[1] denied appellant's motion for judgment of acquittal and found him guilty as charged. Appellant challenged his conviction on alternate grounds: (1) that, if the trial court's ruling was correct that the touching was not sexual, the evidence was insufficient to support a conviction of assault, or (2) that, if the trial court's finding that the alleged assault was not sexual was clearly erroneous, the conviction could not stand for lack of corroboration.

Putting this argument another way, if we accept the trial court's conclusion that the touching was not sexual in nature, we must find in the record that the government otherwise established the elements of an assault. We cannot do so.

■ The settled definition of assault is " 'an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person.' " *Guarro v. United States,* 99 U.S.App.D.C. 97, 99, 237 F.2d 578, 580 (1956) *quoting Patterson v. Pillans,* 43 App.D.C. 505, 506–07 (1915).[2] The momentary touching here, the laughing and the walking away, without more, are hardly supportive of an intention to do any bodily injury, however small. *Cf. Harris v. United States,* D.C.App., 201 A.2d 532 (1964). Moreover, neither the government, nor the trial court, nor we have suggested (nor could we in view of the record) that there was an attempt by appellant to do a corporal injury in the violent sense. Rather, we believe that it is only by taking into consideration the sexual nature of the touching

that we could find that the elements of the offense are proven.

■ Thus it is that a nonviolent action involving sexual misconduct may constitute an assault because the sexual nature of the conduct supplies the missing element of violence or threat of violence. *See Beausoliel v. United States,* 71 App.D.C. 111, 107 F.2d 292 (1939). In *Beausoliel,* an adult male defendant was convicted of simple assault on a female child because of a sexual touching of a nonviolent nature. In holding that such conduct constituted an assault, the court noted, "In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." *Id.* at 115–16, 107 F.2d 296–97 (footnote omitted).

The predicament we face in the instant case is illustrated by *Ingram v. United States,* D.C.Mun.App., 110 A.2d 693 (1955) —a case relied upon by the dissent but, we think, actually supporting our position. The evidence produced in that case of simple assault would have supported a rape and to appellant's counsel's assignment of this as error, the court said:

> The charge was simple assault and there was ample evidence to support the jury's finding that such charge was proved. *Even without the carnal aspects of the assault there was clear evidence of physical violence directed against the body of the complaining witness, in forcibly carrying her to the upper floor, in choking her, and in forcibly removing some of her clothes. [Id. at 694 (emphasis added).]*

Further, the court in *Ingram,* met the argument that the testimony of the complaining

---

1. The trial judge made, *inter alia,* the following findings of fact:

        \*    \*    \*    \*    \*    \*

    4. Although the boy laughed after he touched [complainant], there was no oral statement such as "I touched it" or other indication that the touching was sexual in nature.

5. Therefore, the unpermitted touching did not constitute a "sex act."

2. Also quoted in *Anthony v. United States,* D.C. App., 361 A.2d 202, 204 (1976); *Harris v. United States, supra* at 534; *Guarro v. United States, supra; Beausoliel v. United States, supra* 71 App.D.C. at 111, 114–15 n.14, 107 F.2d at 292, 295–96 n.14 (1939).

witness was uncorroborated, by stating (as the dissent points out) "The first answer is that no rule of law requires corroboration in a case of simple assault" (obviously a proposition with which we are in complete agreement where violence or threat of violence forms the common law underpinning). The court's second and "still better answer is that the complainant was corroborated factually and circumstantially, in part at least, by two of the defendants, and corroborated in some detail by a police officer who told of the swollen condition of her face and throat and of having found some articles of her clothing in the room." *Id.* at 694.

On the instant record, unlike the record in *Ingram,* the element of violence or threat of violence is missing. This record therefore does not support a conviction for simple assault *unless* the carnal nature of the touching is relied upon. Once the carnal aspect of the case is relied upon, the issue of corroboration surfaces, as it did in *Ingram. See id.* at 694, n.1, citing *Kelly v. United States,* discussed *infra.* The question here remains therefore, whether appellant can be convicted of assault upon the unsupported testimony of this complainant that there was a touching of a sexual nature.

We start with a discussion of principles of long standing in this jurisdiction. From approximately the year 1902 until the year 1976, by judicial edict, corroboration of a complainant's testimony, in prosecutions for rape and related sex crimes, was an indispensable prerequisite to conviction.[3] The requirement, however (of independent evidence corroborating the complainant's testimony), was abrogated in *Arnold v. United States,* D.C.App., 358 A.2d 335, 344 (1976) (en banc), to the extent that it applied to a *"mature female victim of rape* or its lesser included offenses   . . ." (emphasis added). These limitations on the abrogation of the requirement are significant. "In *Arnold* we were confronted with the offense

of rape, and we placed considerable emphasis on the fact that the victims there were adults whose maturity diminished the likelihood of fabrication or fantasy." *In re J.W.Y.,* D.C.App., 363 A.2d 674, 677 (1976). Our court in *In re J.W.Y.* declined to expand the principles enunciated in *Arnold* to embrace a prosecution for carnal knowledge involving a 13-year-old female victim. Similarly in *Griffin v. United States,* D.C.App., 396 A.2d 211 (1978), we declined to extend *Arnold* to cover a prosecution for homosexual solicitation, and in *Davis v. United States,* D.C.App., 396 A.2d 979 (1979), we saw no need to consider the reach of *Arnold* to "other sex related offenses."

Over the years prior to *Arnold,* a similar corroborative rule was developing in this jurisdiction with respect to proof of other assaults of a sexual nature, including less aggravated assaults. The rationale for the trend surfaced in 1952, admittedly as a result of concern for persons accused of sodomy solicitation. Thus in *Kelly v. United States,* 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), the circuit court reversed, for the lack of sufficient evidence, the conviction of a defendant for his verbal invitation [to an undercover police officer] to do a perverted act. Circuit Judge Prettyman, in discussing the authority of the courts to fashion rules of proof in criminal cases, alluded to the rule of corroboration in rape cases. In holding, *inter alia,* that the serious nature of an invitation to sodomy required that the testimony of a single witness be received with great care,[4] the court said:

> The case before us lies in a field in which our courts have traditionally been unusually skeptical toward the accusation. This has been true of all the so-called sex offenses. [*Id.* at 128, 194 F.2d at 153 (emphasis added).]

Four years later the court in *Guarro v. United States, supra,* applied the rationale

---

**3.** For early references *see Kidwell v. United States,* 38 App.D.C. 566, 574 (1912); *Lyles v. United States,* 20 App.D.C. 559, 563 (1902). *See also Arnold v. United States, supra* at 349 n.2 (Mack, Associate Judge, concurring and dissenting in part).

**4.** The court also suggested that evidence of good character of the accused be given weight and that there be corroboration of circumstances surrounding the parties at the time. *Id.* at 129, 194 F.2d at 154.

of *Kelly* to a case charging a defendant, under the general assault statute, with the nonviolent touching of the genitals of an undercover police officer. The court noted:

> The same caution [of *Kelly*] should be applied in considering the testimony of the arresting police officer in cases like the present, relative *to an act by which its nature left no traces and to which there were no other witnesses.* [*Guarro v. United States, supra,* 99 U.S.App.D.C. at 99, 237 F.2d at 580 (emphasis added).]

Still four years later in *Konvalinka v. United States,* D.C.Mun.App., 162 A.2d 778 (1960), *aff'd* 109 U.S.App.D.C. 307, 287 F.2d 346 (1961), the court held that a prosecution for simple assault of a homosexual nature upon a 14-year-old child demanded treating with great caution the boy's accusation and required the most convincing kind of proof, citing *Guarro* and *Kelly.* Judge Hood went further than the latter two cases (which as we note involved adult victims) in relying upon *Wilson v. United States,* 106 U.S.App. D.C. 226, 271 F.2d 492 (1959) to hold that corroboration was required in such a case also because of the child's age.[5] The facts and the reasoning of *Wilson, supra,* relied upon by Judge Hood, are instructive. Wilson had been convicted of taking indecent liberties with an 11-year-old girl on the sole testimony of the child. Circuit Judge Edgerton, in reversing the conviction went back to *Kelly, supra,* for the rationale advanced for skepticism in sex offenses noting:

> The complaining witness in the *Kelly* case was a policeman. A woman's uncorroborated tale of a sex offense is not more reliable than a man's. A young child's is far less reliable. . . . ". . . As a consequence most courts show an admirable reluctance to accept the unsubstantiated testimony of children in sexual crimes." . . . [*Wilson v.*

*United States, supra* at 226–27, 271 F.2d at 492–93 *quoting* Guttmacher and Weihofen Psychiatry and the Law (1952), p. 374.]

For other decisions showing that courts have been particularly conscious of the requirement for corroboration in treating the sexual accusations of children, *see Hall v. United States,* D.C.App., 400 A.2d 1063 (1979); *Robinson v. United States,* D.C. App., 357 A.2d 412 (1976); *Evans v. United States,* D.C.App., 299 A.2d 136 (1973); *Konvalinka v. United States, supra;* and *Alison v. United States,* 133 U.S.App.D.C. 159, 163, 409 F.2d 445, 449 (1969).

Whatever the merits of the reasoning employed by the courts in assessing proof of sexual offenses over the years, it seems clear to us that we are not writing on a clean slate. If some of the early assault cases left any doubt that the corroborative rules were applicable to heterosexual touchings (as well as homosexual touchings) surely such doubt was dispelled by *Konvalinka* and *Wilson.* Moreover, one obvious reason why most of these assault cases arose in factual settings of homosexual activity is that there was never any question, prior to *Arnold* of course, that a female victim's testimony in sexual crimes required corroboration. Most certainly the cases would prevent our holding that the testimony of a female child should be given less careful scrutiny than that of a male child.

We read *Konvalinka* and the related cases as *having required* corroborative evidence in all simple assaults of a sexual nature. If the crime is one involving a (rape or) "lesser included offense" against a "mature female victim," the holding of *Arnold v. United States,* of course, would apply to carve out an exception. If the time has come to carve out further exceptions,

---

5. Judge Hood noted:

> In *Wilson, supra,* the United States Court of Appeals for the District of Columbia Circuit summed up a series of cases involving sexual charges of children and laid down the rule that "the corpus delicti in a case such as this may not be established by the child's uncorroborated testimony on the witness stand." . . .

\* \* \* \* \* \*

. . . [T]he *Wilson* holding is a logical extension of the court's oft-expressed and understandable caution with the sexual accusations of children. [*Konvalinka v. United States, supra* at 781.]

the task is one appropriate for the full court sitting en banc. We, like other panels in *Davis, supra,* and *Griffin, supra,* decline to do so here.

▇▇▇▇ We hold only here that where the sole underlying basis of a nonviolent assault is its character as a sexual crime, and the complainant, as here, is a child, legal precedent in this jurisdiction requires corroborative evidence.[6] The record here is devoid of *any* corroboration.[7]

Accordingly, the conviction appealed from is

*Reversed.*

NEWMAN, Chief Judge, dissenting:

Having written the opinion of the court after the original hearing of this case, *see In re L.A.G.,* D.C.App., 396 A.2d 981 (1979), which, upon rehearing, the division now overturns, I feel constrained to further explicate the views I expressed in that opinion.

By its holding in this case, the present majority opinion further extends the antiquated requirement of independent evidence to corroborate the testimony of a complaining witness. This is done in spite of our recognition of a long history of dissatisfaction with the corroboration doctrine. *See In re J.W.Y.,* D.C.App., 363 A.2d 674, 677 (1976); *Arnold v. United States,* D.C. App., 358 A.2d 335, 342–44 (1976) (en banc). This dissatisfaction led us to hold in *Arnold* that in prosecutions for rape or its lesser-included offenses, corroboration is no longer required where the victim is a mature female. Subsequent to our decision in *Arnold,* the United States Court of Appeals, District of Columbia Circuit, abrogated the requirement of corroboration in sex offenses totally in trials in the federal courts of this circuit. *United States v. Sheppard,*

186 U.S.App.D.C. 283, 569 F.2d 114 (1977). Since, in conscience, I am unable to join in the backward step being taken by the present opinion of this court, I dissent.

The starting point in an analysis of the issue presented in this case must begin with consideration of the law of simple assault. An assault has been defined as "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability of using actual violence against the person." *Patterson v. Pillans,* 43 App.D.C. 505, 506–07 (1915) quoting *Hays v. People,* 1 Hill 351 (N.Y.). It is this definition which outlines the crime of assault interdicted by D.C.Code 1973, § 22– 504. *Anthony v. United States,* D.C.App., 361 A.2d 202, 204 (1976); *Harris v. United States,* D.C.App., 201 A.2d 532, 534 (1964); *Guarro v. United States,* 99 U.S.App.D.C. 97, 99, 237 F.2d 578, 580 (1956); *Beausoliel v. United States,* 71 App.D.C. 111, 114–15 n.14, 107 F.2d 292, 295–96 n.14 (1939). In essence, the offense of simple assault under our statute is defined as that offense was defined at common law. Thus, among the elements to be proven is an attempt to do corporal injury to another with force and violence. These words have particular and specific legal meaning as distinguished from their usage in layman's parlance. For as we have said: "Nevertheless, 'violence' in its ordinary meaning is not a necessary element of assault, for an attempt to do unlawfully to another any bodily injury however small constitutes an assault." *Harris v. United States, supra* at 534. The essence of the offense of assault is thus an intentional and unwelcomed touching. *See generally* W. LaFave & A. Scott, Jr., Handbook on Criminal Law §§ 80–82 (1972).

---

**6.** Both the officers of the Corporation Counsel, and the United States Attorney (in an unrelated case) have suggested that the issues left open in *Arnold, supra,* be considered en banc.

**7.** There was no circumstantial corroboration as to time and place (*Kelly, supra*), and no evidence of prompt reports to officials or parents

(*see Konvalinka, supra*). The record does not show that the complainant reported the incident to school authorities. She testified that after the encounter she continued on her way to class; the police were notified the following day and appellant was arrested 48 hours after the encounter.

Forty years ago, the United States Court of Appeals for this circuit had occasion to consider the offense of simple assault in the context of a nonconsensual heterosexual touching. *Beausoliel v. United States, supra.* In sustaining a conviction for simple assault, where a man induced a female child, by fear, to fondle his penis, the court stated that our assault statute made criminal the taking of

> improper liberties with the person of a female, without her consent . . . . Every female has a "right to absolute security against any attempt to violate her person." [cite omitted] The attempt need not be made violently, insolently or in anger. . . . Hence, to stand in proximity to a young girl in a state of indecent exposure with intent to ravish has been held to be an assault. *Hays v. People*, 1 Hill N.Y. 351. . . . And, again, it was held to be an assault to sit on the bed of a girl and lean over her with a proffer of sexual intercourse [footnotes containing citations omitted].
>
> \*　\*　\*　\*　\*　\*
>
> In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." [71 App.D.C. at 115–16, 107 F.2d at 296–97.]

Thus, to repeat, the essence of an assault was defined to be an intentional and unwelcomed touching.

At the time *Beausoliel* was decided, the requirement of corroboration for the testimony of the prosecutrix in a sex offense case was well engrained in the law of the District of Columbia. *See, e. g., Kidwell v. United States*, 38 App.D.C. 566 (1912); *Lyles v. United States*, 20 App.D.C. 559 (1902). The general evolution of this doctrine has been elucidated in our prior opinions and need not be repeated here. Significantly, in defining assault in the context of the facts presented in *Beausoliel*, the court made absolutely no reference to any corroboration requirement.

In the decade of the 1950's, the courts of this jurisdiction began to be confronted with cases where male undercover police officers arrested other males for homosexual solicitation or related offenses. In response thereto, the courts evolved special proof requirements because of the court's perception of the unique nature and circumstances of the offense. Thus, in *Kelly v. United States*, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), a prosecution for an invitation to sodomy, the court found "that testimony asserting sodomy must be subjected to the most careful scrutiny." *Id.* at 128, 194 F.2d at 153. *Quoting* Blackstone, the court stated:

> What has been here observed, especially with regard to the manner of proof, which ought to be more clear in proportion as the crime is the more detestable, may be applied to another offense, of a still deeper malignity; the infamous crime against nature, committed either with man or beast. A crime which ought to be strictly and impartially proved, and then as strictly and impartially punished. But it is an offense of so dark a nature, so easily charged, and the negative so difficult to be proved, that the accusation should be clearly made out: for, if false, it deserves a punishment inferior only to that of the crime itself. [*Id., quoting* 4 Blackstone, Commentaries 215.]

In my prior opinion for the court in this case, I traced the development of the special proof requirements in homosexual solicitation and assault cases from *Kelly* through such cases as *Guarro v. United States, supra,* and *Konvalinka v. United States*, D.C.Mun.App., 162 A.2d 778 (1960). *See In re L.A.G., supra* at 982–83. As there stated:

> Special proof requirements are usually invoked depending on the relative proportion, in human experiences, of two related elements—the likelihood of false accusations compared with the harm of a "guilty" person escaping conviction. *See* 7 Wigmore, Evidence § 2037 (3d ed. 1940); *Kelly v. United States, supra. See generally* 7 Wigmore, Evidence §§ 2030–

2075 (3d ed. 1940 & Supp. 1975); 2 Wharton, Criminal Evidence §§ 486–500 (13th ed. 1972). [*Id.* at 983.]

Both before and during the period that the *Kelly, Guarro,* and *Konvalinka* doctrine was evolving, *Beausoliel* type assault cases continued to be tried in the trial court and to be reviewed by this court on appeal. *See, e. g., Brown v. United States,* D.C.Mun. App., 40 A.2d 832 (1945) (corroboration not required for conviction of heterosexual simple assault of a sexual nature on minor female), *rev'd on other grounds,* 80 U.S. App.D.C. 270, 152 F.2d 138 (1945) (conviction reversed since *total* evidence of guilt consisted of inadmissible hearsay); *Davenport v. United States,* D.C.Mun.App., 60 A.2d 226 (1948) (conviction of heterosexual simple assault of a sexual nature requires proof of "not only the touching but that it was unlawful; in other words, that it was not accidental or innocent." *Id.* at 226. Conviction reversed because of inadequate "reasonable doubt" instruction); *Stitely v. United States,* D.C.Mun.App., 61 A.2d 491 (1948) (conviction of heterosexual simple assault of a sexual nature affirmed with no requirement of corroboration). One further case requires particular noting. In *Ingram v. United States,* D.C.Mun.App., 110 A.2d 693 (1955), the evidence indicated assaultive conduct by males on a female which could form the basis of conviction of simple assault either on the theory of beating and choking or on the *Beausoliel* theory of a touching of a sexual nature. The defendants were convicted of simple assault. On appeal, the court stated:

Appellants ask us to rule that they were entitled to an acquittal because the testimony of the complaining witness was uncorroborated.[1] The first answer is that

[1] Citing *Kelly v. United States,* 90 U.S.App. D.C. 125, 194 F.2d 150; *Ewing v. United States,* 77 U.S.App.D.C. 14, 135 F.2d 633, certiorari denied, 318 U.S. 803, 63 S.Ct. 991, 87 L.Ed. 1167; *Kidwell v. United States,* 38 App. D.C. 566 [*Id.* at 694].[1]

---

1. It is apparent from the opinion of the court in *Ingram* that although there was evidence of corroboration, no instruction pertaining thereto was given to the jury and the court deemed the failure to give such an instruction proper. This was so even though the evidence was such that the jury may have convicted solely on the *Beausoliel* theory. If corroboration were re-

no rule of law requires corroboration in a case of simple assault.

The present majority bottoms its holding on *Konvalinka v. United States, supra,* and that opinion's citation of *Wilson v. United States,* 106 U.S.App.D.C. 226, 271 F.2d 492 (1959). *Konvalinka* involved a conviction of simple assault by an adult male where the evidence showed a homosexual fondling of the genitals of a boy. Applying the rationale of *Kelly* and *Guarro* and explicitly noting the homosexual nature of the assault, the court held that corroboration was required. I suggest that the support for its holding that the majority seeks from *Konvalinka* thus, is misplaced. Likewise, I find no support in *Wilson* for the majority's holding. Simply put, *Wilson* held that where a defendant was charged with an offense of "taking indecent liberties with a child" in violation of D.C.Code 1951, § 22–3501(a), corroboration is required. There was nothing new or different about such a holding. Anything beyond that holding in the *Wilson* opinion was dictum by which we are not bound. *Punch v. United States,* D.C.App., 377 A.2d 1353, 1360 (1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

The majority draws attention and seeks support for its decision by citing this court's recent decisions for the proposition that we declined to expand the abrogation of corroboration as enunciated in *Arnold.* The cases cited bear further mention. In *Griffin v. United States,* D.C.App., 396 A.2d 211 (1978), a prosecution for homosexual solicitation, a three-member division of this court had no alternative but to follow the precedent of *Kelly* and thus could not abrogate the corroboration requirement without an en banc panel. *M.A.P. v. Ryan,* D.C.

quired in a *Beausoliel* type assault, the court would have been required to find the failure to instruct on corroboration to constitute error. It did not do so. It thereby reaffirmed its holding that corroboration is not required, even in a *Beausoliel* type simple assault. I submit that the majority opinion's contrary reading of *Ingram* is simply erroneous.

App., 285 A.2d 310, 312 (1972).[2] In *In re J.W.Y., supra,* the court recognized binding precedence mandating corroborative evidence of an immature female's testimony on a charge of carnal knowledge, *see Arnold v. United States, supra,* (abrogating requirement only for mature females); *Kidwell v. United States, supra,* and found ample corroboration to support the conviction. Thus, the court did not need to "decide whether [it] should expand the principles enunciated in *Arnold* to embrace a prosecution for carnal knowledge." *Id.* at 678. Likewise, in *Davis v. United States,* D.C.App., 396 A.2d 979 (1979), when faced with a conviction for rape of a 17-year-old female, the court held that under *Arnold* the trial court's refusal to require corroboration was not error. The court specifically stated that since the prosecution was one of rape perpetrated on a female, "[w]e need not here consider the reach of the additional phrase in the opinion respecting 'other sex offenses.' *Arnold v. United States, supra* at 344. Nor need we deal with corroboration of male sex offense victims." *Davis v. United States, supra* at 980 n.1.

Consequently, none of the holdings in these decisions furnishes any support for the present majority's further extension of the corroboration requirement. The question is not whether we are willing to extend the holding of *Arnold,* and abrogate the need for corroboration in other sex related cases not dealing with mature females, but rather whether we are willing to extend the corroboration requirement of *Konvalinka* to include assaults of a sexual nature perpetrated on a female where no prior opinion of this court has so required.

In essence, what the present majority has done by its holding is to create two types of heterosexual simple assaults under one statute, one requiring corroboration and one not. If an intentional, unwelcomed touching of a sexually significant portion of the anatomy is done with enough force and violence—in the layman's sense of that term—then corroboration is not required. If the touching is of a lesser nature of force, then corroboration is required.[3] It takes little imagination to foresee the chaos this distinction is likely to cause for judges, lawyers and jurors. It is well nigh time that we add to the clarity of the law in this area rather than confusing it further. I hope that the en banc court will have an opportunity to do so in due course.

---

2. Both *Griffin* and *Kelly* were cases of homosexual solicitation, and thus *Kelly* was clearly precedent. The majority, in making this same argument, finds binding precedence for the instant case in *Konvalinka.* Since *Konvalinka* was an assault of a homosexual nature requiring corroboration based upon the *Guarro* and *Kelly* rationale, I find neither binding precedent nor persuasive authority for requiring corroboration for this assault of a heterosexual nature.

3. Without saying so, the present majority, in violation of *M.A.P. v. Ryan, supra* (decisions of the United States Court of Appeals for the District of Columbia Circuit rendered prior to February 1, 1971, as well as the decisions of this court constitute the case law of the District of Columbia and can only be overruled by this court en banc) overturns our prior *holdings* in such cases as *Ingram v. United States, supra.*